**FILICE BROWN EASSA & McLEOD LLP**
SUSAN A. OGDIE (SBN: 050016)
TED MECHTENBERG (SBN: 219602)
1999 Harrison Street, 18th Floor,
Oakland, California 94612
Tel: (510) 444-3131
Fax: (510) 839-7940

Attorneys for Defendant
HAWKER BEECHCRAFT CORPORATION
F/K/A RAYTHEON AIRCRAFT COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GUTHRIE, TONY DAVIDSON, RONALD ZERANGUE, SAMUEL RESTER, JOHN GRAY, ELMER PAROLINI, WAYNE DUFAULT, and JESSE BEVERLY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, TODD SHIPYARDS CORPORATION, LOCKHEED MARTIN CORPORATION, RAYTHEON AIRCRAFT COMPANY, MCDONNELL DOUGLAS CORPORATION, and DOES 1-300,<br><br>Defendants. | CASE NO. C07-2542JL<br><br>**DEFENDANT HAWKER BEECHCRAFT CORPORATION (F/K/A RAYTHEON AIRCRAFT COMPANY)'S ANSWER TO COMPLAINT FOR ASBESTOS PERSONAL INJURY/PRODUCTS LIABILITY**<br><br>**DEFENDANT DEMANDS TRIAL BY JURY**<br><br>Honorable James Larson, Chief Magistrate Judge<br><br>Action Filed: May 14, 2007<br><br>Trial Date: Not Assigned |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant HAWKER BEECHCRAFT CORPORATION f/k/a RAYTHEON AIRCRAFT COMPANY ("Raytheon Aircraft") answering the unverified Complaint for Asbestos Personal Injury/Products Liability of plaintiff JESSE BEVERLY, JR. filed in the United States District Court for the Northern District of California and bearing the Case Number C07-2542JL ("the Complaint"), and expressly and specifically not responding to, or answering, the causes of action, allegations, charges and complaints of any other named plaintiff in Case No. C07-2542Jl, hereby asserts the following

-1-

DEFENDANT HAWKER BEECHCRAFT CORPORATION (F/K/A RAYTHEON AIRCRAFT COMPANY)'S
ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS
U.S. DISTRICT COURT CASE NO.: C07-2542JL

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

admissions and denials to each and every allegation contained in the unverified Complaint of Plaintiff Jesse Beverly, Jr. (hereafter "PLAINTIFF"), and to the whole thereof, as follows:

1. With regard to the allegations set forth in Paragraph 1 of PLAINTIFF's Complaint, Raytheon Aircraft is informed and believes, and on that basis admits, that Plaintiff Jesse Beverly, Jr. is an individual. Raytheon Aircraft is without sufficient information to admit or deny all other allegations set forth in Paragraph 1 of the Complaint, and, on that basis, denies them.

2. Raytheon Aircraft is without sufficient information to admit or deny the allegations set forth in Paragraphs 2, 5, 14, 16, 17, 26, and 35 of PLAINTIFF's Complaint, including the statements, assertions, representations, claims, and allegations set forth and embodied in the "Exhibit A" attached thereto, and, on that basis, denies them.

3. Based on the "Exhibit A" attached to and incorporated in PLAINTIFF's Complaint, Raytheon Aircraft denies the allegations of Paragraph 3 that all of plaintiffs' claims arise out of a similar series of occurrences. With respect to all other allegations of Paragraph 3 of PLAINTIFF's Complaint, Raytheon Aircraft is without sufficient information to admit or deny those allegations, and, on that basis, denies them.

4. Based on the "Exhibit A" attached to and incorporated in PLAINTIFF's Complaint, Raytheon Aircraft denies the allegations of Paragraph 4 that all of plaintiffs claim damages for asbestos-related diseases arising form identical series of occurrences arise out of a similar series of occurrences. With respect to all other allegations of Paragraph 4 of PLAINTIFF's Complaint, Raytheon Aircraft is without sufficient information to admit or deny those allegations, and, on that basis, denies them.

5. Answering the allegations of Paragraph 6 of PLAINTIFF's Complaint, Raytheon Aircraft admits that it is a corporation authorized to do business in the State of California. Raytheon Aircraft is without sufficient information to admit or deny all other allegations of Paragraph 6 of PLAINTIFF's Complaint, and, on that basis, denies them.

6. Answering the allegations of Paragraph 7 of PLAINTIFF's Complaint, Raytheon Aircraft admits that it was a corporation incorporated under the laws of the State of Kansas and having its principal place of business in the State of Kansas. Raytheon Aircraft is without

-2-

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

DEFENDANT HAWKER BEECHCRAFT CORPORATION (F/K/A RAYTHEON AIRCRAFT COMPANY)'S
ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS
U.S. DISTRICT COURT CASE NO.: C07-2542JL

1  sufficient information to admit or deny all other allegations of Paragraph 7 of PLAINTIFF's
2  Complaint, and, on that basis, denies them.
3      7.  Answering the allegations of Paragraph 8 of PLAINTIFF's Complaint, Raytheon
4  Aircraft denies that venue is proper in the Northern District of California and that assignment to the
5  San Francisco Division of said district is proper; and, based on the alleged factual circumstances
6  set forth in "Exhibit A" to PLAINTIFF's Complaint, further denies the allegations that a
7  substantial part of the alleged acts or omissions giving rise to PLAINTIFF's claims occurred within
8  the County of San Francisco, California. Raytheon Aircraft is without sufficient information to
9  admit or deny all other allegations set forth in Paragraph 8 of PLAINTIFF's Complaint, and, on
10 that basis, denies them.
11     8.  Answering the allegations of Paragraph 9, 10, 11, 12, 13, 15, 18, 19, 20, 21, 22, 25,
12 27, 28, 29, 30, 31, 32, 33, and 34 of PLAINTIFF's Complaint, Raytheon Aircraft admits that it is a
13 successor-in-interest to Beech Aircraft Corporation. Raytheon Aircraft denies that it is now, or
14 ever was, an "Alternate Entity" of, or for, Hughes Aircraft Company, Raytheon Systems – South
15 Carolina, Hughes Aircraft – South Carolina, Kenles Engineers and Constructors, Inc., Wolder
16 Engineers and Constructors, Inc., Wolder Engineering Corporation, Esicorp (or ESICORP), Inc.,
17 Enserch Corporation, Ebasco Services Incorporated, E&L Associates, and/or Ehrhart & Lester
18 Associates. With respect to all other allegations of Paragraphs 9, 10, 11, 12, 13, 15, 18, 19, 20, 21,
19 22, 25, 27, 28, 29, 30, 31, 32, 33, and 34 of PLAINTIFF's Complaint, Raytheon Aircraft is without
20 sufficient information to admit or deny those allegations, and, on that basis, denies them.
21     9.  Answering the allegations of Paragraph 23 of PLAINTIFF's Complaint, Raytheon
22 Aircraft denies that it is now, or ever was, an "Alternate Entity" of, or for, Hughes Aircraft
23 Company, Raytheon Systems – South Carolina, Hughes Aircraft – South Carolina, Kenles
24 Engineers and Constructors, Inc., Wolder Engineers and Constructors, Inc., Wolder Engineering
25 Corporation, Esicorp (or ESICORP), Inc., Enserch Corporation, Ebasco Services Incorporated,
26 E&L Associates, and/or Ehrhart & Lester Associates. Raytheon Aircraft admits that PLAINTIFF
27 may be seeking to recover punitive damages. Raytheon Aircraft denies that any conduct by it that
28 may be shown to be connected with PLAINTIFF was willful, malicious, fraudulent, outrageous and

-3-

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

DEFENDANT HAWKER BEECHCRAFT CORPORATION (F/K/A RAYTHEON AIRCRAFT COMPANY)'S
ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS
U.S. DISTRICT COURT CASE NO.: C07-2542JL

1  in conscious disregard and indifference to the safety and health of PLAINTIFF.  With respect to all
2  other allegations of Paragraph 23 of PLAINTIFF's Complaint, Raytheon Aircraft is without
3  sufficient information to admit or deny such allegations, and, on that basis, denies them.
4      10.  Answering the statement and allegations of Paragraph 24 of PLAINTIFF's
5  Complaint, Raytheon Aircraft incorporates by reference, as though fully set forth herein, its
6  responses contained in Paragraphs 1-9 of this Answer to Complaint.

## GENERAL DENIAL

All allegations set forth in PLAINTIFF's Complaint that were not specifically admitted or denied are hereby denied; and Raytheon Aircraft specifically denies that PLAINTIFF was injured in any way and in any amount as a result of any product or conduct, or lack of conduct, by Raytheon Aircraft.

## FIRST DEFENSE

PLAINTIFF's Complaint, and each of its causes of action, fails to state facts sufficient to constitute a cause of action against Raytheon Aircraft.

## SECOND DEFENSE

PLAINTIFF's Complaint has been improperly joined with the complaints of other identified plaintiffs, and such misjoinder of parties results in the substantive denial of due process and equal protection of the law to Raytheon Aircraft in violation of the provisions of the Constitution of the United States of America and the Constitution of the State of California, and causes substantial and irrevocable prejudice to Raytheon Aircraft, subjecting this Complaint to dismissal.

## THIRD DEFENSE

PLAINTIFF's Complaint is improperly venued in the United States District Court for the Northern District of California.

## FOURTH DEFENSE

To the extent that PLAINTIFF's Complaint purports to state a cause of action or basis for recovery under *Sindell v. Abbott Laboratories* (1990) 26 Cal.3d 588, it is barred by PLAINTIFF's failure to join as defendants the manufacturers of a substantial share of the asbestos products

-4-

DEFENDANT HAWKER BEECHCRAFT CORPORATION (F/K/A RAYTHEON AIRCRAFT COMPANY)'S
ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS
U.S. DISTRICT COURT CASE NO.: C07-2542JL

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

market, to which asbestos products PLAINTIFF allegedly was exposed, thereby causing the damages alleged; and should it prove impossible to identify the manufacturers of the products that allegedly injured PLAINTIFF, said purported claim or cause of action is barred by the fault of PLAINTIFF and his agents in making identification of the manufacturers impossible.

### FIFTH DEFENSE

To the extent that PLAINTIFF has pled, or has attempted to plead, a claim for punitive damages as to Raytheon Aircraft, the Complaint, and each of its causes of action, fails to state facts sufficient to state a claim for such damages against Raytheon Aircraft under federal law or under the law of those jurisdictions determined to be applicable to the Complaint, including, but not limited to, the laws of the State of California.

### SIXTH DEFENSE

As asserted against Raytheon Aircraft, PLAINTIFF's Complaint and each of its causes of action are barred by the doctrine of federal government contractor immunity under *Boyle v. United Technologies Corp.*, 487 .U.S. 500 (1988).

### SEVENTH DEFENSE

PLAINTIFF's alleged injuries, illnesses, and/or losses, if and to the extent such injuries, illnesses and/or losses occurred, which occurrence is expressly denied, were caused solely by his own recklessness, carelessness, and/or negligence.

### EIGHTH DEFENSE

PLAINTIFF's alleged injuries, illnesses, and/or losses, if and to the extent such injuries, illnesses and/or losses occurred, which occurrence is expressly denied, were contributed to by his own fault, recklessness, carelessness, and/or negligence.

### NINTH DEFENSE

PLAINTIFF's alleged injuries, illnesses, and/or losses, if and to the extent such injuries, illnesses and/or losses occurred, which occurrence is expressly denied, were aggravated by his own failure to use reasonable diligence to mitigate them.

### TENTH DEFENSE

-5-

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

1  PLAINTIFF's claims are barred by the applicable statutes of limitation and/or repose of
2  those jurisdictions determined to be applicable to the causes of action set forth in the Complaint,
3  including but not limited to the federal statutes of limitations applicable to federal jurisdictions, and
4  the statutes of limitation and/or repose of the State of California and any other states or foreign
5  jurisdictions as may be determined to apply to this action, including but not limited to California
6  Code of Civil Procedure Sections 312, 338(a), 338(d), 339(1), 340(1), 340(3), 342, 34 and 361;
7  California Commercial Code, Section 2725; and/or subject to discretionary and/or mandatory
8  dismissal pursuant to California Code of Civil Procedure Sections 583.210; 583.250; 583.310;
9  583.360; and 583.

## ELEVENTH DEFENSE

PLAINTIFF's alleged injuries, illnesses, and/or losses, if and to the extent such injuries, illnesses and/or losses occurred, which occurrence is expressly denied, pre-existed or post-dated the alleged use of, or contact with, those products or activities attributable to Raytheon Aircraft in PLAINTIFF's Complaint; and PLAINTIFF's alleged illnesses, injuries and/or losses were neither caused nor exacerbated by the alleged use of, or contact with, said products or by such activities.

## TWELFTH DEFENSE

PLAINTIFF's alleged injuries, illnesses, and/or losses, if and to the extent said injuries, illnesses and/or losses occurred, which occurrence is expressly denied, were caused solely by the faults of third parties for which Raytheon Aircraft is not responsible.

## THIRTEENTH DEFENSE

PLAINTIFF's alleged injuries, illnesses, and/or losses, if and to the extent said injuries, illnesses and/or losses occurred, which occurrence is expressly denied, were contributed to by the faults of third parties for which Raytheon Aircraft is not responsible.

## FOURTEENTH DEFENSE

PLAINTIFF's alleged injuries, illnesses, and/or losses, if and to the extent such injuries, illnesses and/or losses occurred, which occurrence is expressly denied, were aggravated by the negligent and/or intentional actions of third parties for which Raytheon Aircraft is not responsible.

## FIFTEENTH DEFENSE

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

DEFENDANT HAWKER BEECHCRAFT CORPORATION (F/K/A RAYTHEON AIRCRAFT COMPANY)'S
ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS
U.S. DISTRICT COURT CASE NO.: C07-2542JL

PLAINTIFF's alleged injuries, illnesses, and/or losses, if and to the extent said injuries, illnesses and/or losses occurred, which occurrence is expressly denied, were caused solely by the faults of persons with custody of, and/or in privity with, PLAINTIFF for which Raytheon Aircraft is not responsible.

### SIXTEENTH DEFENSE

PLAINTIFF's alleged injuries, illnesses, and/or losses, if and to the extent said injuries, illnesses and/or losses occurred, which occurrence is expressly denied, were contributed to by the faults of persons with custody of, and/or in privity with, PLAINTIFF for which Raytheon Aircraft is not responsible.

### SEVENTEENTH DEFENSE

PLAINTIFF's alleged injuries, illnesses and/or losses, if and to the extent such injuries and/or losses occurred, which occurrence is expressly denied, were aggravated by the failure of persons with custody of, and/or in privity with, PLAINTIFF to use reasonable diligence to mitigate those injuries, illnesses and/or losses.

### EIGHTEENTH DEFENSE

PLAINTIFF unreasonably delayed in bringing this action, without good cause therefore, and thereby prejudiced Raytheon Aircraft as a direct and proximate result of such delay such that PLAINTIFF's are barred by the applicable principles of waiver, laches, unclean hands, and estoppel.

### NINETEENTH DEFENSE

If PLAINTIFF's claims were litigated and resolved in any prior action, PLAINTIFF's claims herein are barred by the primary right and *res judicata* doctrines, prohibiting the splitting of a single cause of action into successive suits, and seeking new recovery for injuries for which the PLAINTIFF previously was compensated by alleged joint tortfeasors.

### TWENTIETH DEFENSE

If PLAINTIFF is entitled to a judgment against Raytheon Aircraft and the remaining defendants, or any of them, Raytheon Aircraft prays that this Court order each of the judgment debtors to pay to PLAINTIFF that judgment debtor's proportionate share of the joint judgment as

-7-

determined by the trier-of-fact; and if Raytheon Aircraft is required to pay to PLAINTIFF a disproportionate share of such judgment, Raytheon Aircraft prays leave of this Court to seek contribution by motion against any other judgment debtor not paying the proportionate share allocated to any such defendant by the trier-of-fact.

## TWENTY-FIRST DEFENSE

PLAINTIFF assumed the risk of any injury and/or damages resulting from the matters relating to Raytheon Aircraft as set forth in the Complaint; and that assumption of risk by PLAINTIFF was a proximate and/or legal cause of the injuries, losses, and damages allegedly sustained by him.

## TWENTY-SECOND DEFENSE

PLAINTIFF, his authorized representatives or those with legal authority to act on his behalf, including but not limited to his employers and related agencies of the Government of the United States of America, acknowledged, ratified, consented to, and acquiesced in the alleged acts and/or omissions, if any there were, of Raytheon Aircraft, thus barring PLAINTIFF from any relief as sought in this Complaint.

## TWENTY-THIRD DEFENSE

To the extent that PLAINTIFF has pled, or has attempted to plead, a claim for punitive damages as to Raytheon Aircraft pursuant to California Civil Code Section 3294, such claim violates Raytheon Aircraft's right to due process and equal protection as guaranteed by federal and state statutory and constitutional law, including but not limited to the Constitution of the United States of America, Fourteenth Amendment, and the Constitution of the State of California, Article I, Section 7, and further violates Raytheon Aircraft's right to substantive due process as provided by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California in that: (1) no provision of the laws of the State of California provides an adequate or meaningful standard for determining the nature of the conduct upon which an award of punitive damages may be based or for determining or reviewing the amount of a punitive damage award; (2) no provision of the law of the State of California provides adequate procedural safeguards for the imposition of punitive damages, including, but not limited to,

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

DEFENDANT HAWKER BEECHCRAFT CORPORATION (F/K/A RAYTHEON AIRCRAFT COMPANY)'S
ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS
U.S. DISTRICT COURT CASE NO.: C07-2542JL

(a) imposing such damages only upon the presentation of evidence beyond a reasonable doubt;

(b) protecting Raytheon Aircraft's privilege against self-incrimination; and

(c) providing for a unanimous jury verdict as to the punitive damages portion of any adverse judgment.

## TWENTY-FOURTH DEFENSE

To the extent that PLAINTIFF has pled, or has attempted to plead, a claim for punitive damages as to Raytheon Aircraft pursuant to California Civil Code Section 3294, such claim violates Raytheon Aircraft's right to protection from excessive fines as provided by the Eighth Amendment of the United States Constitution and the Constitution of the State of California, Article I, Section 17, and violates Raytheon Aircraft's right to substantive due process as provided by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that PLAINTIFF's causes of action asserted against Raytheon Aircraft are based on an allegedly defective product or products (the existence of which Raytheon Aircraft expressly denies) allegedly manufactured, distributed, sold, and/or supplied by this Raytheon Aircraft (the occurrence of which events Raytheon Aircraft further expressly denies), said product(s) was/were altered by PLAINTIFF, by others around him, or by those in privity with him and/or in control of his environment, including but not limited to his employers and related agencies of the Government of the United States of America, after said product or products left Raytheon Aircraft's possession.

## TWENTY-SIXTH DEFENSE

To the extent that PLAINTIFF's causes of action asserted against Raytheon Aircraft are based on an allegedly defective product or products (the existence of which Raytheon Aircraft expressly denies) allegedly manufactured, distributed, sold, and/or supplied by Raytheon Aircraft (the occurrence of which events Raytheon Aircraft further expressly denies), said product(s) was/were misused by PLAINTIFF, by others around him, or by those in privity with him and/or in

FBE&M
Lake Merritt Plaza
1999 Harrison Street
Eighteenth Floor
Oakland CA 94612-3541
Phone 510.444.3131

DEFENDANT HAWKER BEECHCRAFT CORPORATION (F/K/A RAYTHEON AIRCRAFT COMPANY)'S
ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS
U.S. DISTRICT COURT CASE NO.: C07-2542JL

control of his environment, including but not limited to his employers and related agencies of the Government of the United States of America.

### TWENTY-SEVENTH DEFENSE

PLAINTIFF's alleged injuries, illnesses and/or losses, if and to the extent such injuries, illnesses and/or losses occurred, which occurrence is expressly denied, were caused or contributed to by PLAINTIFF's failure or by the failure of those in privity with him and/or in control of his environment, including but not limited to his employers and related agencies of the Government of the United States of America, to follow the directions and precautions provided by the product's manufacturer, supplier and/or distributor.

### TWENTY-EIGHTH DEFENSE

At all times relevant to the matters alleged in PLAINTIFF's Complaint, each of PLAINTIFF's employers, including but not limited to the United States Navy, the United States Department of Defense, and the Government of the United States of America, were sophisticated users of products which contained asbestos materials; and those employers' negligence in providing alleged asbestos-containing products to PLAINTIFF and/or to their other employees in a negligent, careless and reckless manner, and/or in permitting PLAINTIFF and/or their other employees to manipulate, repair, remove or otherwise utilize alleged asbestos-containing products in a manner that generated respirable asbestos-containing dust, acted as an intervening and superseding cause of PLAINTIFF's alleged injuries, illnesses, and/or losses, if and to the extent that such injuries, illnesses and/or losses occurred (which occurrence is expressly denied by Raytheon Aircraft); and such conduct by PLAINTIFF's employers eliminates any liability on the part of Raytheon Aircraft to this PLAINTIFF.

### TWENTY-NINTH DEFENSE

The product or products alleged in PLAINTIFF's Complaint to have been manufactured, produced, supplied, sold, distributed or in any other fashion attributed to Raytheon Aircraft for purposes of this Plaintiff's causes of action were manufactured, produced, supplied, sold and distributed in mandatory conformity with specifications and directions promulgated by the United States Government and/or its duly authorized agencies under that Government's war powers as set

-10-

forth in the United States Constitution, and any recovery by PLAINTIFF against Raytheon Aircraft is barred in consequence of the exercise of those sovereign powers.

### THIRTIETH DEFENSE

To the extent that PLAINTIFF has pled or has attempted to plead a cause of action for breach of warranty, express or implied, as to Raytheon Aircraft, PLAINTIFF failed to give adequate and timely notice of such claims to this defendant, thereby barring such claims.

### THIRTY-FIRST DEFENSE

To the extent that PLAINTIFF has pled or has attempted to plead a cause of action for breach of warranty, express or implied, as to Raytheon Aircraft, PLAINTIFF was not in privity of contract with Raytheon Aircraft, and said lack of privity bars PLAINTIFF's recovery under any theory of warranty.

### THIRTY-SECOND DEFENSE

To the extent that PLAINTIFF has pled, or has attempted to plead, one or more causes of action for fraud, deceit, and/or intentional or negligent misrepresentation as to Raytheon Aircraft, the Complaint, and each of its causes of action, fails to state facts with sufficient specificity to support such claims.

### THIRTY-THIRD DEFENSE

PLAINTIFF's alleged injuries, illnesses and/or losses, if and to the extent such injuries, illnesses and/or losses occurred, which occurrence is expressly denied, were caused or contributed to, in whole or in part, by the negligence of PLAINTIFF's employers, both state and federal, and expressly including the United States Department of the Navy, the United States Department of Defense, and additional agencies and subdivisions of the Government of the United States of America, such that to the extent PLAINTIFF has received, or in the future will receive, any form of federal or state worker's compensation and/or disability benefits, United States veteran's medical and/or disability benefits, and/or public or private retirement benefits, provided by any agency of the United States Government, including but not limited to the United States Department of Labor and the United States Department of Veterans' Affairs, or by any State agency, bureau or commission, for such injuries, illnesses and/or losses, Raytheon Aircraft is entitled to set off any

-11-

such benefits received, or to be received in the future, by PLAINTIFF or by any representative or designated beneficiary of him, against any judgment which may be rendered in favor of PLAINTIFF and against Raytheon Aircraft.

### THIRTY-FOURTH DEFENSE

PLAINTIFF has failed to join one or more indispensable parties, rendering complete and full relief unavailable and impossible to those persons and/or entities already joined as parties in this action, including Raytheon Aircraft; causing substantial prejudice to Raytheon Aircraft; and denying Raytheon Aircraft its substantive rights to due process and equal protection under the Constitution of the United States of America.

WHEREFORE, defendant RAYTHEON AIRCRAFT COMPANY prays for relief as follows:

1. That Plaintiff Jesse Beverly, Jr. take nothing by his Complaint against Raytheon Aircraft Company;

2. That judgment be entered in favor of Raytheon Aircraft Company and against Plaintiff Jesse Beverly, Jr., and that the Complaint be dismissed;

3. That Raytheon Aircraft Company be awarded its costs of suit herein;

4. That if Raytheon Aircraft Company is found liable to Plaintiff Jesse Beverly, Jr., the degree of the responsibility and liability for the resulting damages be determined;

5. That if Raytheon Aircraft Company is found liable to Plaintiff Jesse Beverly, Jr., Raytheon Aircraft Company be held liable for damages only for that proportion of fault attributed to it by the trier-of-fact;

6. That if Raytheon Aircraft Company is found liable to Plaintiff Jesse Beverly, Jr., appropriate credits and set-offs arising out of the payment (past, present or future) of any worker's compensation benefits and/or disability benefits, be they state or federal, be allocated to any monetary damages assessed by the trier-of-fact against Raytheon Aircraft;

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

7. That if Raytheon Aircraft Company is found liable to Plaintiff Jesse Beverly, Jr., appropriate credits and set-offs arising from payments (past, present, or future) from any asbestos-related bankruptcy trust funds be allocated to any monetary damages assessed by the trier-of-fact against Raytheon Aircraft;

8. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendant Raytheon Aircraft Company hereby demands trial by jury pursuant to Civil Rule L.R. 3-6 of the United States District Court for the Northern District of California and Federal Rule of Civil Procedure 38(b).

DATED: June 11, 2007.

FILICE BROWN EASSA & MCLEOD LLP

/s/ Susan A. Ogdie
By:_____
Susan A. Ogdie
Attorneys for Defendant
Hawker Beechcraft Corporation
f/k/a Raytheon Aircraft Company

FBE&M
Lake Merritt Plaza
1999 Harrison Street
Eighteenth Floor
Oakland CA 94612-3541
Phone 510.444.3131

-13-

DEFENDANT HAWKER BEECHCRAFT CORPORATION (F/K/A RAYTHEON AIRCRAFT COMPANY)'S
ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS
U.S. DISTRICT COURT CASE NO.: C07-2542JL

1

## PROOF OF SERVICE

*Jesse Beverly, Jr.  v. Asbestos Defendants [B*P]*
**United States District Court Northern District of California San Francisco**
**C07-2542JL**

I am a citizen of the United States, over 18 years of age and not party to the within action. I am employed in the county of Alameda; my business address is 1999 Harrison Street, 18th Floor, Oakland, CA 94612.

On the date listed below, I served the within documents:

**DEFENDANT HAWKER BEECHCRAFT CORPORATION (F/K/A RAYTHEON AIRCRAFT COMPANY)'S ANSWER TO COMPLAINT FOR ASBESTOS PERSONAL INJURY/PRODUCTS LIABILITY**
**UNITED STATES DISTRICT COURT CASE NO.:  C07-2542JL**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

**ALL COUNSEL**
**VIA ELECTRONIC COURT FILING (ECF) AND PACER**
**(SEE PLAINTIFF'S SERVICE LIST ATTACHED)**

| ☒ **VIA ELECTRONIC SERVICE** | I caused a true and correct copy of such document(s) to be electronically served on counsel of record by transmission The U.S. District Court Northern District of California, San Francisco Division via Electronic Court Filing (ECF). |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 11, 2007, at Oakland, California.

/s/  Lori D. Tyler

_____
Lori D. Tyler

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

*James Guthrie, et al v. General Electric Company, et al.*
U.S. Northern District Court, San Francisco Division , Case No. C07-2542JL

| COUNSEL: | REPRESENTING: | PHONE/FAX NOS: |
|---|---|---|
| **PLAINTIFFS' COUNSEL** | | |
| **BRAYTON ❖ PURCELL LLP**<br>222 Rush Landing Road<br>P.O. Box 6769<br>Novato, California 94948-6769 | James Guthrie, Tony Davidson, Ronald Zerangue, Samuel Rester, John Gray, Elmer Parolini, Wayne default, and Jesse Beverly, Jr. | PHONE  (415) 898-1555<br>FAX       **(415) 898-1247** |
| **DEFENSE COUNSEL** | | |
| **SEDGWICK, DETERT, et al.**<br>One Embarcadero Center, 16th Floor<br>San Francisco, CA 94111-3765 | General Electric Company | PHONE  (415) 781-7900<br>FAX       (415) 781-2635 |
| **PRINDLE, DECKER & AMARO**<br>369 Pine Street, Suite 800<br>San Francisco, CA 94104 | Lockheed Martin Corporation (fka and/or aka Lockheed Corp.) | PHONE  (415) 788-8354<br>FAX       (415) 788-3625 |
| **YARON & ASSOCIATES**<br>111 Pine Street, 12th Floor<br>San Francisco, CA 94111 | Todd Shipyards Corporation | PHONE  (415) 658-2929<br>FAX       (415) 658-2930 |
| **BRYAN CAVE LLP (Law Offices of)**<br>Robert E. Boone, III, Esq.<br>120 Broadway, Suite 300<br>Santa Monica CA 90401 | McDonnell Douglas Corporation | (310) 576-2100<br>**(310) 576-2200** |