```
SEDGWICK, DETERT, MORAN & ARNOLD LLP
CHARLES T. SHELDON (Bar No. 155598)
DEREK S. JOHNSON (Bar No. 220988)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
GENERAL ELECTRIC COMPANY
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GUTHRIE, TONY DAVIDSON, RONALD ZERANGUE, SAMUEL RESTER, JOHN GRAY, ELMER PAROLINI, WAYNE DUFAULT, JESSE BEVERLY, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, et al.,<br><br>Defendants. | CASE NO. C 07-2542 JL<br><br>**GENERAL ELECTRIC COMPANY'S ANSWER TO COMPLAINT FOR ASBESTOS PERSONAL INJURY/PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED ENTITIES** |

Defendant GENERAL ELECTRIC COMPANY ("GE") hereby answers for itself alone and no others the Complaint filed on April 28, 2006, as to plaintiffs James Guthrie, Tony Davidson, Ronald Zerangue, Samuel Rester, John Gray, Elmer Parolini, Wayne Dufault, and Jesse Beverly, Jr. (collectively, "Plaintiffs") as follows:

1. To the extent that paragraph 1 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1, and on such basis the allegations are denied.

2. To the extent that paragraph 2 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

allegations of paragraph 2, and on such basis the allegations are denied. To the extent that paragraph 2 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2, and on such basis the allegations are denied. To the extent that paragraph 2 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

3. To the extent that paragraph 3 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3, and on such basis the allegations are denied. To the extent that paragraph 3 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3, and on such basis the allegations are denied. To the extent that paragraph 3 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

4. To the extent that paragraph 4 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4, and on such basis the allegations are denied. To the extent that paragraph 4 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4, and on such basis the allegations are denied. To the extent that paragraph 4 of the complaint consists of allegations of fact as to GE, GE denies such allegations. GE denies the allegation that each plaintiff claims damages for an asbestos-related disease arising from an identical series of occurrences. GE denies the allegation that each and every allegation of each plaintiff regarding the nature of their asbestos-related diseases, the nature of asbestos, the propensity of asbestos to cause disease, the criteria for diagnosis of disease are all identical.

5. To the extent that paragraph 6 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 5, and on such basis the allegations are denied. To the extent that paragraph 6 of the complaint consists of allegations of fact as to other defendants, GE lacks

///

sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6, and on such basis the allegations are denied.

6. To the extent that paragraph 6 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 6 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6, and on such basis the allegations are denied.

7. To the extent that paragraph 7 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7, and on such basis the allegations are denied. To the extent that paragraph 7 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7, and on such basis the allegations are denied. GE denies that it is a corporation incorporated under the laws of Connecticut. GE admits that its principal place of business is in Connecticut. GE lacks sufficient knowledge or information to form a belief as to the truth of the allegation that this court has original jurisdiction under 25 USC § 1332, and on such basis the allegation is denied.

8. To the extent that paragraph 8 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 8 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8, and on such basis the allegations are denied. To the extent that paragraph 8 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8, and on such basis the allegations are denied. GE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegation that the Northern District of California is the proper venue for this case, and on such basis the allegation is denied.

9. To the extent that paragraph 9 of the complaint consists of conclusions of law, GE

1  is not required to respond to it. To the extent that paragraph 9 of the complaint consists of
2  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form
3  a belief as to the truth of the allegations of paragraph 9, and on such basis the allegations are
4  denied. To the extent that paragraph 9 of the complaint consists of allegations of fact as to
5  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the
6  allegations of paragraph 9, and on such basis the allegations are denied. To the extent that
7  paragraph 10 of the complaint consists of allegations of fact as to GE, GE lacks sufficient
8  knowledge or information to form a belief as to the truth of the allegations of paragraph 9, and on
9  such basis the allegations are denied.

10     10.    To the extent that paragraph 10 of the complaint consists of allegations of fact as
11  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth
12  of the allegations of paragraph 10, and on such basis the allegations are denied. GE admits that,
13  in the past, it manufactured, distributed, supplied and sold certain products which contained
14  some quantity of asbestos and/or had component parts which may have contained some quantity
15  of asbestos, during a time period which may or may not be relevant to this case. Except to the
16  extent admitted, GE denies all other allegations of fact as to GE in paragraph 10 of the
17  complaint.

18     11.    To the extent that paragraph 11 of the complaint consists of conclusions of law,
19  GE is not required to respond to it. To the extent that paragraph 11 of the complaint consists of
20  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form
21  a belief as to the truth of the allegations of paragraph 11, and on such basis the allegations are
22  denied. To the extent that paragraph 11 of the complaint consists of allegations of fact as to
23  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the
24  allegations of paragraph 11, and on such basis the allegations are denied. To the extent that
25  paragraph 11 of the complaint consists of allegations of fact as to GE, GE denies such
26  allegations.

27     12.    To the extent that paragraph 12 of the complaint consists of conclusions of law,
28  GE is not required to respond to it. To the extent that paragraph 12 of the complaint consists of

allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12, and on such basis the allegations are denied. To the extent that paragraph 12 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

13. To the extent that paragraph 13 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13, and on such basis the allegations are denied. To the extent that paragraph 13 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13, and on such basis the allegations are denied. To the extent that paragraph 13 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

14. To the extent that paragraph 14 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 14 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 14, and on such basis the allegations are denied. To the extent that paragraph 14 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 14, and on such basis the allegations are denied. To the extent that paragraph 14 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

15. To the extent that paragraph 15 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15, and on such basis the allegations are denied. To the extent that paragraph 16 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15, and on such basis the allegations are denied. To the extent that paragraph 15 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

16. GE admits that, over time, inhalation or ingestion of asbestos fibers can cause

lung disease and cancer. Except to the extent admitted, GE denies all allegations of paragraph 17.

17. To the extent that paragraph 17 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 17, and on such basis the allegations are denied.

18. To the extent that paragraph 18 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 18 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 18, and on such basis the allegations are denied. To the extent that paragraph 18 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 18, and on such basis the allegations are denied. To the extent that paragraph 18 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

19. To the extent that paragraph 19 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 19 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19, and on such basis the allegations are denied. To the extent that paragraph 19 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19, and on such basis the allegations are denied. To the extent that paragraph 19 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

20. To the extent that paragraph 20 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 20 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20, and on such basis the allegations are denied. To the extent that paragraph 20 of the complaint consists of allegations of fact as to

Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20, and on such basis the allegations are denied. To the extent that paragraph 20 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

21. To the extent that paragraph 21 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 21 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 21, and on such basis the allegations are denied. To the extent that paragraph 21 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

22. To the extent that paragraph 22 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 22 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22, and on such basis the allegations are denied. To the extent that paragraph 22 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

23. To the extent that paragraph 23 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 23 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23, and on such basis the allegations are denied. To the extent that paragraph 23 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

24. GE incorporates by reference as though fully set forth herein paragraphs 1 through 23 of this Answer.

25. To the extent that paragraph 25 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 25, and on such basis the allegations are denied. To the extent

///

that paragraph 25 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

26. To the extent that paragraph 26 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 26 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 26, and on such basis the allegations are denied. To the extent that paragraph 26 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 26, and on such basis the allegations are denied. To the extent that paragraph 26 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

27. To the extent that paragraph 27 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 27, and on such basis the allegations are denied. To the extent that paragraph 27 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 27, and on such basis the allegations are denied. To the extent that paragraph 27 of the complaint consists of allegations of fact as to GE, GE denies such allegations. GE lacks sufficient knowledge or information to respond to the allegation that exposed persons did not know of the substantial danger of using said products and, on that basis, denies it.

28. To the extent that paragraph 28 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 28, and on such basis the allegations are denied. To the extent that paragraph 28 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

29. To the extent that paragraph 29 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 29, and on such basis the allegations are denied. To the extent

that paragraph 29 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

30. To the extent that paragraph 30 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 30, and on such basis the allegations are denied. To the extent that paragraph 30 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

31. To the extent that paragraph 31 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 31, and on such basis the allegations are denied. To the extent that paragraph 31 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 31, and on such basis the allegations are denied. To the extent that paragraph 31 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

32. To the extent that paragraph 32 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 32 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 32, and on such basis the allegations are denied. To the extent that paragraph 32 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

33. To the extent that paragraph 33 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 33, and on such basis the allegations are denied. To the extent that paragraph 33 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 33, and on such basis the allegations are denied. To the extent that paragraph 33 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

34. To the extent that paragraph 34 of the complaint consists of allegations of fact as

to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 34, and on such basis the allegations are denied. To the extent that paragraph 34 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 34, and on such basis the allegations are denied. To the extent that paragraph 34 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

35.  To the extent that paragraph 35 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 35, and on such basis the allegations are denied. To the extent that paragraph 35 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 35, and on such basis the allegations are denied. To the extent that paragraph 35 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

## PRAYER

GE further denies that Plaintiffs are entitled to any damages to the extent Plaintiffs seek damages from GE and denies that Plaintiffs are entitled to any relief from GE to the extent Plaintiffs seek any relief from GE; further answering, GE lacks information or knowledge sufficient to respond to each and every allegation in Plaintiffs' prayer for judgment and, on that basis, denies them.

## SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES

36.  By alleging the Separate and Additional Affirmative Defenses set forth below, GE is not in any way agreeing or conceding that it has the burden of proof or burden of persuasion on any of these issues.

## FIRST AFFIRMATIVE DEFENSE

37.  GE alleges that said complaint and each cause of action therein fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

38.  GE alleges that the causes of action, if any, attempted to be stated and set forth in

said complaint are barred by the applicable statutes of limitations, including, but not limited to, the provisions of Code of Civil Procedure Sections 335.1, 338, 340.2. and 340(3).

### THIRD AFFIRMATIVE DEFENSE

39. GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred by laches.

### FOURTH AFFIRMATIVE DEFENSE

40. GE alleges that the causes of action, if any, attempted to be stated in Plaintiffs' complaint are barred in whole or in part by the equitable doctrine of waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

41. GE alleges that Plaintiffs and others were negligent or otherwise at fault in and about the matters referred to in said complaint, and that such negligence and/or other fault bars or diminishes Plaintiffs' recovery against GE.

### SIXTH AFFIRMATIVE DEFENSE

42. GE alleges that Plaintiffs were solely negligent in and about the matters alleged in said complaint and that such negligence on the part of Plaintiffs was the sole legal cause of the injuries and damages complained of by Plaintiffs, if any there were.

### SEVENTH AFFIRMATIVE DEFENSE

43. GE alleges that Plaintiffs assumed the risk of the matters referred to in said complaint, that Plaintiffs knew and appreciated the nature of the risk, and that Plaintiffs voluntarily accepted the risk.

### EIGHTH AFFIRMATIVE DEFENSE

44. GE is informed and believes and thereon alleges that Plaintiffs misused and abused the products referred to in said complaint, and failed to follow instructions, and that such misuse, abuse and failure to follow instructions on the part of Plaintiffs proximately caused and contributed to the injuries and damages complained of in said complaint, if any there were.

### NINTH AFFIRMATIVE DEFENSE

45. GE alleges that if Plaintiffs sustained injuries attributable to the use of any product manufactured, supplied, or distributed by GE, which allegations are expressly denied, the

injuries were solely caused by and attributable to the unreasonable, unforeseeable, and inappropriate purpose and improper use which was made of the product.

### TENTH AFFIRMATIVE DEFENSE

46.   GE alleges that if there was any negligence proximately causing the injuries or damages sustained by Plaintiffs, if any, such negligence, if any, was solely that of defendants, firms, persons, or entities other than GE.

### ELEVENTH AFFIRMATIVE DEFENSE

47.   GE alleges that there is no privity between Plaintiffs and GE.

### TWELFTH AFFIRMATIVE DEFENSE

48.   GE alleges that it gave no warranties, either express or implied, to Plaintiffs and that neither Plaintiffs nor others ever notified GE of any claims of breach of warranty, if any there were.

### THIRTEENTH AFFIRMATIVE DEFENSE

49.   GE alleges that said complaint and each cause of action therein is barred with respect to GE by the provisions of the Workers Compensation Act, including but not limited to Sections 3600, 3601, and 5300 of the Labor Code of the State of California.

### FOURTEENTH AFFIRMATIVE DEFENSE

50.   GE alleges that if there was any negligence proximately causing the injuries or damages, if any, sustained by Plaintiffs, such negligence, if any, is collateral negligence, as that term is used and defined in Restatement 2d Torts, Section 426 and derivative authority.

### FIFTEENTH AFFIRMATIVE DEFENSE

51.   GE alleges that at the time of the matters referred to in the complaint, Plaintiffs were employed by employers other than GE and were entitled to and received workers' compensation benefits from their employers; and that if there was any negligence proximately causing the injuries and damages sustained by Plaintiffs, if any, such negligence, if any, was that of Plaintiffs' employers.

### SIXTEENTH AFFIRMATIVE DEFENSE

52.   GE alleges that Plaintiffs' claims, and each of them, and this action, are


SEDGWICK
Detert Moran & Arnold, LLP
SF/1409597v1

preempted by federal statutes and regulations governing work place exposure to asbestos.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

53.  GE alleges that the products referred to in said complaint, if manufactured by GE at all, were manufactured in strict compliance with reasonably precise United States government specifications, and that the hazards associated with use of the products, if any, were known equally to the federal government and GE. Boyle v. United Technologies Corp., 487 U.S. 500 (1988). Therefore, the complaint and all alleged causes of action are barred by the government contractor defense.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

54.  GE alleges that to the extent said complaint purports to state a cause of action or basis for recovery under Sindell v. Abbott Laboratories (1990) 26 Cal.3d 588, it is barred by Plaintiffs' failure to join as defendants the manufacturers of a substantial share of the asbestos products market, to which asbestos products Plaintiffs were allegedly exposed, thereby causing the damages alleged; and, should it prove impossible to identify the manufacturer of the product that allegedly injured Plaintiffs, said purported claim or cause of action is barred by the fault of Plaintiffs and their agents in making identification of the manufacturer impossible.

**NINETEENTH AFFIRMATIVE DEFENSE**

55.  GE alleges that, to the extent said complaint purports to state a cause of action or basis for recovery upon lack of identification of the manufacturer of the alleged injury-causing product, it fails to state facts sufficient to constitute a cause of action in that Plaintiffs have asserted claims for relief which, if allowed, would contravene GE's constitutional rights to substantive due process of law, as preserved by the Fourteenth Amendment to the Constitution of the United States and by Article I, Section 7 of the Constitution of the State of California.

**TWENTIETH AFFIRMATIVE DEFENSE**

56.  GE alleges that said complaint, to the extent that it seeks exemplary or punitive damages pursuant to California Civil Code Section 3294, violates GE's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and Article I,

///

1  Section 7 of the Constitution of the State of California, and therefore fails to state a cause of
2  action upon which either punitive or exemplary damages can be awarded.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

57. GE alleges that said complaint, to the extent that it seeks punitive or exemplary damages pursuant to California Civil Code Section 3294, violates GE's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17 of the Constitution of the State of California, and violates GE's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

58. GE alleges that said complaint, and each cause of action therein, fails to state facts sufficient to warrant an award of punitive or exemplary damages against GE.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

59. GE alleges that the "peculiar risk" doctrine is not applicable to the causes of action attempted to be stated and set forth against GE, because the injuries and damages complained of in the complaint, if any there were, arose in the course and scope of Plaintiffs' employment by an independent contractor.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

60. GE alleges that at all relevant times, Plaintiffs' employers were sophisticated users of asbestos-containing products, and that said employers were aware of the dangers, if any, of asbestos-containing products, and that said employers' negligence in providing the products to their employees in a negligent, careless and reckless manner was a superseding intervening cause of Plaintiffs' injuries, if any.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

61. GE alleges that Plaintiffs are barred from recovery in that all products produced by GE were in conformity with the existing state-of-the-art, and as a result, these products were not defective in any manner.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

62. GE alleges that it had no knowledge, either actual or constructive, and by the application of reasonable, developed human skills and foresight had no reason to know of the propensities, if any, of any product allegedly manufactured, supplied, applied and/or sold by GE to cause or contribute to the creation of medical conditions or circumstances involving alleged injuries to the lungs, respiratory and cardiovascular systems, including cancer, mesothelioma, or any other illness of any type whatsoever.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

63. GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint for negligence per se are barred by California Labor Code Section 6304.5, and derivative authority.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

64. GE alleges that Plaintiffs failed to exercise due diligence to mitigate their losses, injuries or damages, if any, and, accordingly, the amount of damages to which Plaintiffs are entitled, if any, should be reduced by the amount of damages which otherwise would have been mitigated.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

65. GE alleges that the provisions of California Civil Code Section 1431.2 are applicable to the Complaint and each cause of action therein.

### THIRTIETH AFFIRMATIVE DEFENSE

66. GE alleges that unforeseen and unforeseeable acts and omissions by others constitute a superseding, intervening cause of Plaintiffs' injuries, if any.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

67. GE alleges that each of Plaintiffs' claims, and this entire action, are preempted by all applicable federal law relating to railroads, their equipment, and/or alleged injuries and damages arising therefrom, including but not limited to the Locomotive Boiler Inspection Act, 49 U.S.C. sections 20701 et seq.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

68. GE alleges that as a result of their injuries, Plaintiffs have received and will continue to receive workers' compensation benefits from their employers or their insurance carriers, or both, in an amount not yet definitely ascertained and determined; that the total amount of these payments is not yet known to this defendant; that by virtue of the California Labor Code sections 3850 and 3852, and related sections, the employers and their insurance carriers are subrogated to the rights of the Plaintiffs for any and all monies Plaintiffs may receive from this defendant up to the amount paid to Plaintiffs; that Plaintiffs' injuries arose as a direct and proximate result of the negligence and carelessness of Plaintiffs' employers, and the employers and their insurance carriers are not entitled to reimbursement for monies paid or to be paid to Plaintiffs; and in the event of any judgment in favor of Plaintiffs and against this defendant, it should be reduced by the amounts paid or to be paid to Plaintiffs by the employers or their insurance carriers.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

69. The matters alleged in said complaint are encompassed within and barred by a settlement and release agreement reached by the parties, which operates as a merger and bar against any further litigation on matters raised or potentially raised in connection with the settlement and release.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

70. To the extent that Plaintiffs have reached an accord with GE regarding this litigation and this accord was then properly satisfied, the claims, causes of action, theories of liability and matters alleged in said complaint are barred by the doctrine of accord and satisfaction.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

71. GE contends that Plaintiffs have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims herein, and accordingly, said claims are barred.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

72. The claims asserted in said complaint have been settled, compromised or otherwise discharged and GE is due a set off.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

73. To the extent that Plaintiffs have previously filed a dismissal in court dismissing with prejudice all of their asserted claims, causes of action, and other theories of liability against GE, the matters alleged in said complaint are barred by retraxit.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

74. Plaintiffs' claims herein are barred based on the primary right and res judicata doctrines which prohibit splitting a single cause of action into successive suits, and seeking new recovery for injuries for which the Plaintiffs were previously compensated by alleged joint tortfeasors.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

75. GE alleges that Plaintiffs do not assert any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and that no question of law or fact common to all the Plaintiffs will arise in this action, and that therefore Plaintiffs have been improperly joined in one action.

**FORTIETH AFFIRMATIVE DEFENSE**

76. Defendant alleges that at all relevant times Plaintiffs were sophisticated users of asbestos-containing products, that Plaintiffs were aware, or should have been aware, of the dangers, if any, of asbestos-containing products, and that the sophisticated user doctrine is a complete bar to Plaintiffs' claims against Defendant as a matter of law. Johnson v. American Standard, Inc., et al. (2005) 34 Cal.Rptr.3d 863.

///
///
///
///
///

**PRAYER**

WHEREFORE, GE prays that Plaintiffs take nothing by reason of their complaint as to GE and that GE has judgment for its costs of suit and attorneys' fees and for such other and further relief as this Court may deem just and proper.

DATED: June 15, 2007          SEDGWICK, DETERT, MORAN & ARNOLD LLP


                              By:      /S/    Derek S. Johnson
                                    Derek S. Johnson
                                    Attorneys for Defendant
                                    GENERAL ELECTRIC COMPANY

## JURY DEMAND

GE hereby demands a trial by jury of the captioned matter.

DATED: June 15, 2007          SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:      /S/  Derek S. Johnson
         Derek S. Johnson
         Attorneys for Defendant
         GENERAL ELECTRIC COMPANY


## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: June 15, 2007          SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:      /S/  Derek S. Johnson
         Derek S. Johnson
         Attorneys for Defendant
         GENERAL ELECTRIC COMPANY