1  **FILICE BROWN EASSA & McLEOD LLP**
   SUSAN A. OGDIE (SBN: 050016)
2  TED MECHTENBERG (SBN: 219602)
   1999 Harrison Street, 18th Floor,
3  Oakland, California 94612
   Tel: (510) 444-3131
4  Fax: (510) 839-7940
   sogdie@filicebrown.com
5  tmechtenberg@filicebrown.com

6  Attorneys for Defendant
   HAWKER BEECHCRAFT CORPORATION
7  F/K/A RAYTHEON AIRCRAFT COMPANY

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                     **SAN FRANCISCO DIVISION**

11 | JAMES GUTHRIE, TONY DAVIDSON,     ) **CASE NO. C07-2542 SI**
   | RONALD ZERANGUE, SAMUEL RESTER,   )
12 | JOHN GRAY, ELMER PAROLINI, WAYNE  ) **DEFENDANT HAWKER BEECHCRAFT**
   | DUFAULT, and JESSE BEVERLY, JR.,  ) **CORPORATION F/K/A RAYTHEON**
13 |                                   ) **AIRCRAFT COMPANY'S**
   |           Plaintiffs,             ) **MEMORANDUM OF POINTS AND**
14 |                                   ) **AUTHORITIES IN SUPPORT OF ITS**
   |     v.                            ) **MOTION TO SEVER PURSUANT TO**
15 |                                   ) **FED.R.CIV.P. 21**
   | GENERAL ELECTRIC COMPANY, TODD    )
16 | SHIPYARDS CORPORATION, LOCKHEED   ) Date:       July 27, 2007
   | MARTIN CORPORATION, RAYTHEON      ) Time:       9:00 a.m.
17 | AIRCRAFT COMPANY, McDONNELL       ) Courtroom:  10 – Honorable Susan Illston
   | DOUGLAS CORPORATION, and DOES 1-  )
18 | 300,                              ) Complaint filed: May 14, 2007
   |                                   )
19 |           Defendants.            )
   |                                   )
20 | _____  )

21                    **I.   INTRODUCTION**

22       Defendant Hawker Beechcraft Corporation f/k/a Raytheon Aircraft Company ("Raytheon")

23 moves this Court for an order severing Plaintiff Jesse Beverly, Jr.'s ("Mr. Beverly") claims

24 pursuant to Fed.R.Civ.P. 21, because Mr. Beverly's claims and the claims of the other seven

25 plaintiffs have been improperly joined in this action under Fed.R.Civ.P. 20(a). Mr. Beverly's

26 claims against Raytheon arise from no common "transaction or occurrence" that binds him to the

27 other plaintiffs in this action, nor are there any significant "common questions of law or fact" that

28
                                        -1-
**DEFENDANT HAWKER BEECHCRAFT CORPORATION F/K/A RAYTHEON AIRCRAFT COMPANY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SEVER
PURSUANT TO FED.R.CIV.P. 21
Case No. C07-2542 SI**

05829 33755 TED 565016.1

1   justify the agglutination of what are indisputably unrelated personal injury claims. Indeed, Mr.

2   Beverly is the only one of these plaintiffs to have sued Raytheon for the simple reason that these

3   plaintiffs' alleged asbestos exposure occurred at different locations, in different states, at different

4   times, for different durations, from different products and under different circumstances.

5                               II.   **APPLICABLE LAW**

6        Fed.R.Civ.P. 20(a) provides for the permissive joinder of plaintiffs "if they assert any right

7   to relief jointly, severally, or, in the alternative, in respect of, or arising out of, the same

8   transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact

9   common to all these persons will arise in the action." Plaintiffs must meet both requirements in

10  order to be properly joined in one action under Fed.R.Civ.P. 20(a). (*Coughlin v. Rogers*, 130 F.3d

11  1348, 1350 (9th Cir. 1997).)   However, only if plaintiffs establish an identity of "transactions" or

12  "occurrences" or "series of transactions or occurrences" common to all of them is it necessary to

13  address establishment of the second criteria – the presence of common questions of law or fact. (*In*

14  *the Matter of Asbestos II Consolidated Pretrial*, 1989 WL 56181 (N.D. Ill. 1998.)[1]

15       Misjoinder of parties occurs when a party fails to satisfy the conditions for permissive

16  joinder under Rule 20(a). "Joinder of several plaintiffs who have no connection to each other in no

17  way promotes trial convenience or expedites the adjudication of asserted claims." (*In Re Rezulin*

18  *Products Liability Litigation*, 168 F.Supp.2d 136, 146 (S.D.N.Y. 2001), quoting *Simmons v. Wyeth*

19  *Laboratories, Inc.,* 1996 WL 617492 (E.D. Pa. 1996.)

20       A.   **Requirement One: Same Transaction and Occurrence**

21       When evaluating whether or not plaintiffs' claims stem from the same transaction or

22  occurrence, courts have looked to the "similarity in the factual background of a claim." (*Coughlin,*

23  *supra*, 130 F.3d at 1350.) The mere existence of a common allegation (e.g., asbestos exposure) or

24  the claim of common conditions (e.g., asbestos-related pulmonary disease) does not create a

25  common transaction or occurrence. (*Id.*, holding that the common allegation that the Immigration

26

27  [1]  True and correct copies of all case authorities cited in Raytheon's Memorandum of Points and Authorities are attached to the Compendium of Authorities, filed and served herein.

-2-

28  **DEFENDANT HAWKER BEECHCRAFT CORPORATION F/K/A RAYTHEON AIRCRAFT COMPANY'S**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SEVER**
**PURSUANT TO FED.R.CIV.P. 21**
**Case No. C07-2542 SI**

1  and Naturalization Service delayed in processing plaintiffs' visa applications was not enough to

2  create a common transaction or occurrence because each plaintiff suffered a different duration of

3  delay, the reasons for the delays were distinct, and the consequences of those delays were different.

4  In accord, *Papagiannis v. Pontikis*, 108 F.R.D. 177, 179 (N.D.Ill. 1985), stating that Rule 20

5  demands more than the bare allegation that all plaintiffs are victims of the same general conduct

6  perpetrated by the same defendant or defendants.) As the United States District Court noted in *In*

7  *the Matter of Asbestos II Consolidated Pretrial*, *supra*, "[d]istinct claims cannot be properly joined

8  under Rule 20 merely because they have common theoretical underpinnings."   In that case –

9
10
11
12

> "Plaintiffs' assert that the evidence will show that all plaintiffs and
> decedents were pipefitters in the same union, they worked at
> common sites and were exposed to defendants' asbestos products.
> These facts do not establish a similar transaction or occurrence, but
> rather tend to establish common facts. Allegations of similar facts
> do not satisfy the transaction or occurrence test [of Fed.R.Civ.P.
> 20(a)]."

13  **B.    Requirement Two: Common Questions of Law or Fact**

14      The permissive joinder doctrine is propelled by several policies, "including the promotion

15  of efficiency, convenience, consistency, and fundamental fairness." (*Insolia v. Philip Morris*

16  *Incorporated*, 186 F.R.D. 547, 549 (W.D.Wis. 1999), citations omitted.)

17      To meet Rule 20's second criterion (that their claims involve common questions of law or

18  fact) plaintiffs must do more than just allege that their claims arise under the same general law.

19  (*Coughlin*, *supra*, 130 F.3d at 1351, stating that the fact that all plaintiffs were asserting causes of

20  action involving the United States Constitution and the federal Administrative Procedure Act was

21  insufficient to satisfy Rule 20's requirement for common question of law or fact.  In accord, *Kenvin*

22  *v. Newburger, Loeb & Co.*, 37 F.R.D. 473, 475 (S.D.N.Y. 1965) holding that although wrongdoing

23  of each defendant allegedly involved violations of the same statutes, the defendant stockholders

24  were misjoined because the loans and securities involved and the dates on which the transactions

25  were entered differed from plaintiff to plaintiff.)

26      So, too, plaintiffs must do more than assert that there are *some* common questions of fact or

27  *some* common questions of law: they must demonstrate that there is such a commonality of factual

28

**DEFENDANT HAWKER BEECHCRAFT CORPORATION F/K/A RAYTHEON AIRCRAFT COMPANY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SEVER
PURSUANT TO FED.R.CIV.P. 21
Case No. C07-2542 SI**

05829 33755 TED 565016.1

1   issues and legal issues as to establish that the policies of efficiency, convenience, consistency and

2   fundamental fairness to a defendant validates the joinder of individual plaintiff's claims. (*Simmons*

3   *v. Wyeth Laboratories, Inc., supra*.)

4                              **III.   ARGUMENT**

5           With the law of Fed.R.Civ.P. 20(a) in mind, it is clear that Mr. Beverly has been misjoined

6   with the seven other plaintiffs. According to the Plaintiffs' Complaint and their **Exhibit A** which

7   is attached and incorporated by reference in their Complaint at ¶2,[2] Mr. Beverly is –

8       •   the *only* plaintiff suing Raytheon;

9       •   the only plaintiff claiming asbestos exposure as an aircraft mechanic from 1955-

10          1974 and from 1981 to the present while employed with the United States Navy;

11      •   the only plaintiff to claim exposure on the USS POINT CRUZ, USS HORNET,

12          USS RANDOLPH, USS PINE ISLAND, and USS HANCOCK;

13      •   the only plaintiff to be claiming asbestos exposure while working at the U.S. Naval

14          Air Stations in San Diego, in Miramar, in El Centro, and in Virginia Beach;

15      •   the only plaintiff who alleges asbestos exposure from working on aircraft allegedly

16          manufactured by Grumman, North American, Vought, McDonnell-Douglas, Beech,

17          Sikorsky, and Martin;

18      •   the only plaintiff who alleges asbestos exposure from working on Wright, Allison,

19          and Westinghouse aircraft engines;

20      •   the only plaintiff who alleges asbestos exposure from Goodyear brake pads, BF

21          Goodrich brakes and gaskets, Cutler-Hammer wiring, Owens-Illinois insulation,

22          Atlas Turner insulation and Unibestos insulation;

23      •   the only plaintiff claiming asbestos exposure while working at National Steel &

24          Shipbuilding Company, San Diego, CA. (See plaintiffs' **Exhibit A**, pp. 33-37)

25

26   _____

[2] Pursuant to Fed.R.Evid. 201, Raytheon respectfully requests the Court to take judicial notice of Plaintiffs' Complaint

27   and Plaintiffs' **Exhibit A**. True and correct copies of these documents are attached to Raytheon's Memorandum of Points and Authorities as **Exhibit 1**.

-4-

28   **DEFENDANT HAWKER BEECHCRAFT CORPORATION F/K/A RAYTHEON AIRCRAFT COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SEVER PURSUANT TO FED.R.CIV.P. 21**
**Case No. C07-2542 SI**

05829 33755 TED 565016.1

1    None of the other seven plaintiffs in this action have any significant factors in common

2  with Mr. Beverly's work history, his background, and his alleged exposures. Plaintiffs Guthrie,

3  Davidson, Zerangue, Rester, Gray, Parolini, and Dufault worked as laborer and mechanic, boiler

4  tender and assembler, maintenance and automobile mechanic, welder and ironworker, machinist

5  and operator, joiner and trucker, and marine machinist.[3] Not a single one of these seven other

6  plaintiffs ever worked at the same facilities, in the same locations, for the same employers, in the

7  same time periods, using the same materials, as Mr. Beverly allegedly did.[4] And, as far as one can

8  tell from plaintiffs' **Exhibit A**, none of these plaintiffs were exposed to the same asbestos products,

9  under the same uses and conditions, made by the same defendants.

10    In short, even a cursory examination of plaintiffs' **Exhibit A** reveals that this case involves

11  eight individual plaintiffs, each with his own distinct history of exposure, with a multiplicity of

12  different employers, at different locations, using different products under different conditions at

13  different times.[5] Indeed, the **only** common thread linking Mr. Beverly to these other plaintiffs is

14  the allegation that each is suffering from an asbestos-related lung disease through the exact same

15  "mechanism" and through "similar *series of* occurrences." (Complaint, ¶¶ 2 & 3.)[6]

16    The factual allegations contained in plaintiffs' **Exhibit A** coupled with the allegations in the

17  Complaint demonstrate that Mr. Beverly's claims do not involve the same transaction or

18  _____

19  [3] Only plaintiff Wayne Dufault has worked as an aircraft mechanic, allegedly from 1969 to possibly 1975, when he was employed with the United States Air Force (unlike Beverly who worked for the U.S. Navy) and while stationed at air bases in Texas, Illinois, Massachusetts, Thailand and Fairfield, California, at none of which Mr. Beverly ever

20  served. (Plaintiffs' **Exhibit A**, pp. 30-31.)

21  [4] Thus, according to plaintiffs' **Exhibit A**, Guthrie's exposure was essentially in Kansas City, Kentucky and Tennessee, Davidson's was in Los Angeles, Rester's was in California and Arkansas, Gray's was in California and

22  Hawaii, Parolini's was in Washington and Nevada , Zerangue's was in Northern California, and Dufault's was all over the United States. (Plaintiffs' **Exhibit A**.)

23

24  [5] Because the facts plaintiffs have elected to reveal in **Exhibit A** demonstrate that there is no common occurrence or transaction justifying joinder of their individual claims, one can fairly assume that other significant facts which they have ***not*** revealed (e.g. medical history, smoking history, other sources of pulmonary irritation) would further

25  demonstrate the lack of any reasonable connection among these individuals and their legal claims.

26  [6]  One suspects that this allegation of "same series of occurrences" means no more than each plaintiff claims to have

27  *inhaled* asbestos fibers.

-5-

**DEFENDANT HAWKER BEECHCRAFT CORPORATION F/K/A RAYTHEON AIRCRAFT COMPANY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SEVER
PURSUANT TO FED.R.CIV.P. 21
Case No. C07-2542 SI**

05829 33755 TED 565016.1

28

occurrence, but are distinct and totally unrelated to the exposure history and events cited by every

other plaintiff.  It follows from the lack of any commonality among plaintiffs and among

defendants that there are no common legal or factual questions sufficient to joining these plaintiffs

together.  As the District Court observed in *In Re Matter of ASBESTOS II CONSOLIDATED*

*PRETRIAL, supra*:

> "No allegation is made that the individual plaintiffs and decedents suffered exposure to products of any defendant at the same time or at the same place.  Further, although plaintiffs and decedents all appear to suffer from the same asbestos-related disease, pleural asbestosis, all plaintiffs' exposure differs as to duration and magnitude.  *Distinct claims cannot be properly joined under Rule 20 merely because they have common theoretical underpinnings.*"

There is, in short, nothing binding Mr. Beverly and his claims against Raytheon to a single

one of these other seven plaintiffs.  Indeed, paraphrasing the District Court in *Insolia v. Philip*

*Morris Incorporated, supra*, 186 F.D.R. at 549, there is nothing distinguishing any of these

plaintiffs' claims from the hundreds of other asbestos products liability lawsuits pending across the

nation "and, by extension, no useful purpose served by joining these plaintiffs in the same action."

## IV.  CONCLUSION

Pursuant to Federal Rules of Civil Procedure Rule 21 and for the reasons set forth above,

defendant Hawker Beechcraft Corporation (f/k/a Raytheon Aircraft Company) requests that this

Court sever or, alternatively, dismiss the claims of plaintiff Jesse Beverly from this action.

DATED:  June 19, 2007.

FILICE BROWN EASSA & MCLEOD LLP

/s/  Ted Mechtenberg

By:_____

TED MECHTENBERG
Attorneys for Defendant
Hawker Beechcraft Corporation f/k/a
Raytheon Aircraft Company

-6-

DEFENDANT HAWKER BEECHCRAFT CORPORATION F/K/A RAYTHEON AIRCRAFT COMPANY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SEVER
PURSUANT TO FED.R.CIV.P. 21
Case No. C07-2542 SI

05829 33755 TED 565016.1

1

**PROOF OF SERVICE**

2

*Jesse Beverly, Jr.  v. General Electric Company, et al.*
**United States District Court Northern District of California San Francisco**
**C07-2542JL**

3

4          I am a citizen of the United States, over 18 years of age and not party to the within

5     action. I am employed in the county of Alameda; my business address is 1999 Harrison

6     Street, 18th Floor, Oakland, CA 94612.

7          On the date listed below, I served the within documents:

8     **DEFENDANT HAWKER BEECHCRAFT CORPORATION F/K/A RAYTHEON AIRCRAFT COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN**

9     **SUPPORT OF ITS MOTION TO SEVER PURSUANT TO FED.R.CIV.P.21**

10    on all parties in this action, as addressed below, by causing a true copy thereof to be distributed

11    as follows:

12    **ALL COUNSEL**
      **VIA ELECTRONIC COURT FILING (ECF) AND PACER**

13    **(SEE PLAINTIFF'S SERVICE LIST ATTACHED)**

14    ☒     **VIA ELECTRONIC**     I caused a true and correct copy of such document(s) to be
                                    electronically served on counsel of record by transmission

15          **SERVICE**            The U.S. District Court Northern District of California, San
                                    Francisco Division via Electronic Court Filing (ECF).

16

17          I declare under penalty of perjury under the laws of the State of California that the

18    foregoing is true and correct.

19          Executed on June 19, 2007, at Oakland, California.

20

21                                            /s/  Lori D. Tyler

22                                            _____

                                                      Lori D. Tyler

23

24

25

26

27

-7-

28    **DEFENDANT HAWKER BEECHCRAFT CORPORATION F/K/A RAYTHEON AIRCRAFT COMPANY'S**
      **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SEVER**
      **PURSUANT TO FED.R.CIV.P. 21**
      **Case No. C07-2542 SI**

EXHIBIT – 1

Complaint For Asbestos Personal Injury/Products Liability & Plaintiffs Exhibit - A

1    ALAN R. BRAYTON, ESQ., S.B. #73685
     DAVID R. DONADIO, ESQ., S.B. #154436
2    BRAYTON❖PURCELL LLP
     Attorneys at Law
3    222 Rush Landing Road
     P.O. Box 6169
4    Novato, California 94948-6169
     (415) 898-1555
5    (415) 898-1247 (Fax No.)

6    Attorneys for Plaintiffs

7

8              THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11   JAMES GUTHRIE, TONY DAVIDSON,          )   No. C07-2542-JL
     RONALD ZERANGUE, SAMUEL                )
12   RESTER, JOHN GRAY, ELMER               )
     PAROLINI, WAYNE DUFAULT, JESSE         )   COMPLAINT FOR ASBESTOS
13   BEVERLY, JR.,                          )   PERSONAL INJURY/ PRODUCTS
                                            )   LIABILITY;
14            Plaintiffs,                    )
                                            )   DEMAND FOR JURY TRIAL
15   vs.                                     )
                                            )
16                                          )
     GENERAL ELECTRIC COMPANY,              )
17   TODD SHIPYARDS CORPORATION,            )
     LOCKHEED MARTIN CORPORATION,           )
18   RAYTHEON AIRCRAFT COMPANY,             )
     MCDONNELL DOUGLAS                      )
19   CORPORATION,  and DOES 1-300,          )
                                            )
20            Defendants.                    )
                                            )
21   _____)

22                          I.

23                       PARTIES

24        1.    Plaintiffs in this action are individuals who have sustained asbestos-related lung

25   injuries as a result of their inhalation of asbestos fibers through their occupational exposure to

26   asbestos.

27        2.    Each of these individuals sustained an asbestos-related lung disease by precisely

28   the same mechanism:  the inhalation of asbestos fibers released during the handling of asbestos-

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1  containing products at their jobsites. The pathogenesis of each plaintiffs' asbestos-related

2  diseases is explained on **Exhibit A**, attached to plaintiff's complaint and incorporated by

3  reference herein.

4      3.    All of plaintiffs' claims arise out of a similar series of occurrences: repeated

5  exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants

6  and supplied to, installed and/or maintained by defendants at plaintiffs' worksites, over a period

7  of years, caused from release of toxic asbestos fibers and subsequent inhalation by the plaintiffs,

8  resulting in cumulative, progressive, incurable lung diseases.

9      4.    Each plaintiff claims damages for an asbestos-related disease arising from an

10  identical series of occurrences not dependent on each individual plaintiff's worksite but on the

11  fact that asbestos-containing products, when handled in the manner in which they were intended,

12  released harmful asbestos fibers which when inhaled by plaintiffs, caused serious lung disease.

13  The allegations of plaintiffs regarding the nature of their asbestos-related diseases, the nature of

14  asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are all

15  identical. As used herein, plaintiffs shall mean the above-captioned asbestos-injured plaintiffs.

16      5.    The true names and capacities, whether individual, corporate, associate,

17  governmental or otherwise, of defendants DOES 1 through 300, are unknown to plaintiffs at this

18  time, who therefore sues said defendants by such fictitious names. When the true names and

19  capacities of said defendants have been ascertained, plaintiffs will amend this complaint

20  accordingly. Plaintiffs are informed and believe, and thereon allege, that each defendant

21  designated herein as a DOE is responsible, negligently or in some other actionable manner, for

22  the events and happenings hereinafter referred to, and caused injuries and damages thereby to the

23  plaintiffs, as hereinafter alleged.

24      6.    Plaintiffs are informed and believe, and thereon allege that at all times herein

25  mentioned, defendants and DOES 1 through 300, inclusive, were and are corporations,

26  partnerships, unincorporated associations, sole proprietorships and/or other business entities

27  organized and existing under and by virtue of the laws of the State of California, or the laws of

28  some other state or foreign jurisdiction, and that said defendants, and each of them, were and are

1  authorized to do and are doing business in the State of California, and that said defendants have

2  regularly conducted business in the County of San Francisco, State of California.

3  II.

4  **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

5  7.  Jurisdiction:  Plaintiffs TONY DAVIDSON, RONALD ZERANGUE, JOHN

6  GRAY, WAYNE DUFAULT, and JESSE BEVERLY, JR. are citizens of California. Plaintiff

7  JAMES GUTHRIE is a citizen of Kentucky.  SAMUEL RESTER is a citizen of Arkansas.

8  ELMER PAROLINI is a citizen of Nevada.  Defendant GENERAL ELECTRIC COMPANY is

9  a corporation incorporated under the laws of the State of New York and having its principal

10  places of business in the State of Connecticut.  Defendant TODD SHIPYARDS

11  CORPORATION, is a corporation incorporated under the laws of the State of Delaware, and

12  having its principal places of business in the State of Washington.  Defendant LOCKHEED

13  MARTIN CORPORATION is a corporation incorporated under the laws of, and having its

14  principal places of business in the State of Maryland.  Defendant RAYTHEON AIRCRAFT

15  COMPANY is a corporation incorporated under the laws of, and having its principal places of

16  business in the State of Kansas.  Defendant MCDONNELL DOUGLAS CORPORATION is a

17  corporation incorporated under the laws of, and having its principal places of business in the

18  State of Maryland.

19  This Court has original jurisdiction under 25 USC § 1332, in that it is a civil action

20  between citizens of different states in which the matter in controversy exceeds, exclusive of costs

21  and interest, seventy-five thousand dollars.

22  8.  Venue / Intradistrict Assignment.  Venue is proper in the Northern District of

23  California and assignment to the San Francisco Division of said district is proper as a substantial

24  part of the events or omissions which give rise to the claims asserted by plaintiffs herein

25  occurred within the County of San Francisco, California, and all of the defendants are subject to

26  personal jurisdiction in this district at the time the action is commenced.

27  ///

28  ///

1                              **III.**

2                        **CAUSES OF ACTION**

3                      <u>FIRST CAUSE OF ACTION</u>

4                         (Negligence)

5 PLAINTIFF JAMES GUTHRIE COMPLAINS OF DEFENDANTS GENERAL ELECTRIC

6 COMPANY,   DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM;

7 PLAINTIFF TONY DAVIDSON COMPLAINS OF DEFENDANTS GENERAL ELECTRIC

8 COMPANY,   DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM;

9 PLAINTIFF RONALD ZERANGUE COMPLAINS OF DEFENDANTS GENERAL

10 ELECTRIC COMPANY,   DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF

11 THEM; PLAINTIFF SAMUEL RESTER COMPLAINS OF DEFENDANTS GENERAL

12 ELECTRIC COMPANY,   DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF

13 THEM; PLAINTIFF , JOHN GRAY  COMPLAINS OF DEFENDANTS GENERAL

14 ELECTRIC COMPANY,   DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF

15 THEM; PLAINTIFF ELMER PAROLINI COMPLAINS OF DEFENDANTS GENERAL

16 ELECTRIC COMPANY,   DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF

17 THEM; PLAINTIFF WAYNE DUFAULT COMPLAINS OF DEFENDANTS GENERAL

18 ELECTRIC COMPANY, LOCKHEED MARTIN CORPORATION, DOES 1-300, THEIR

19 "ALTERNATE ENTITIES," AND EACH OF THEM; PLAINTIFF JESSE BEVERLY, JR.

20 COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY, TODD SHIPYARDS

21 CORPORATION, RAYTHEON AIRCRAFT COMPANY, MCDONNELL DOUGLAS

22 CORPORATION, DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM;

23 AND ALL PLAINTIFFS FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE:

24       9.    At all times herein mentioned, each of the named defendants and DOES 1 through

25 300 was the successor, successor in business, successor in product line or a portion thereof,

26 assign, predecessor, predecessor in business, predecessor in product line or a portion thereof,

27 parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned

28 by, or the whole or partial owner of or member in an entity researching, studying, manufacturing,

1  fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering

2  for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating,

3  promoting, representing, endorsing servicing, installing, contracting for installation, repairing,

4  marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring,

5  mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product,

6  namely asbestos, and/or other products containing asbestos. Said entities shall hereinafter

7  collectively be called ALTERNATE ENTITIES. Each of the herein named defendants is liable

8  for the tortious conduct of each successor, successor in business, successor in product line or a

9  portion thereof, assign, predecessor in product line or a portion thereof, parent, holding

10  company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or

11  partially owned entity, or entity that it was a member of, or funded, that researched, studied,

12  manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought,

13  offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation,

14  repaired, marketed, warranted, rebranded, manufactured for others and advertised a certain

15  product, namely asbestos, and other products containing asbestos. The following defendants,

16  and each of them, are liable for the acts of each and every ALTERNATE ENTITY, and each of

17  them, in that there has been a virtual destruction of plaintiff's remedy against each such

18  ALTERNATE ENTITY; defendants, and each of them, have acquired the assets, product line, or

19  a portion thereof, of each such ALTERNATE ENTITY; defendants, and each of them, caused

20  the destruction of plaintiff's remedy against each such ALTERNATE ENTITY; each such

21  defendant has the ability to assume the risk-spreading role of each such ALTERNATE ENTITY;

22  and that each such defendant enjoys the goodwill originally attached to each such

23  ALTERNATE ENTITY:

24  <u>DEFENDANT</u>                          <u>ALTERNATE ENTITY</u>

25  GENERAL ELECTRIC COMPANY          MATTERN X-RAY
                                       HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED
26                                     TRUMBULL ELECTRIC MANUFACTURING COMPANY
                                       G E INDUSTRIAL SYSTEMS
27                                     CURTIS TURBINES
                                       PARSONS TURBINES
28                                     GENERAL ELECTRIC JET ENGINES

| | | |
|---|---|---|
| 1 | TODD SHIPYARDS CORPORATION | TODD PACIFIC SHIPYARDS CORPORATION |
| | | SEATTLE-TACOMA SHIPBUILDING CORP. |
| 2 | | |
| | LOCKHEED MARTIN CORPORATION | LOCKHEED CORPORATION |
| 3 | | LOCKHEED MISSILES & SPACE CO., INC. |
| | | LOCKHEED AIRCRAFT CORPORATION |
| 4 | | LOCKHEED PROPULSION COMPANY |
| 5 | RAYTHEON AIRCRAFT COMPANY | HUGHES AIRCRAFT COMPANY |
| | | RAYTHEON SYSTEMS - SOUTH CAROLINA |
| 6 | | HUGHES AIRCRAFT - SOUTH CAROLINA |
| | | BEECH AIRCRAFT CORPORATION |
| 7 | | KENLES ENGINEERS AND CONSTRUCTORS, INC. |
| | | WOLDER ENGINEERS AND CONSTRUCTORS, INC. |
| 8 | | WOLDER ENGINEERING CORPORATION |
| | | ESICORP, INC. |
| 9 | | ENSERCH CORPORATION |
| | | EBASCO SERVICES INCORPORATED |
| 10 | | E & L ASSOCIATES |
| | | EHRHART & LESTER ASSOCIATES |
| 11 | | |
| 12 | MCDONNELL DOUGLAS CORPORATION | DOUGLAS AIRCRAFT COMPANY |
| | | BOEING NORTH AMERICAN, INC. |
| 13 | | CONSOLIDATED AIRCRAFT |
| 14 | | |

15

16     10.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and

17 each of them, were and are engaged in the business of researching, manufacturing, fabricating,

designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,
18
supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,
19
promoting, representing, servicing, installing, contracting for installation, repairing, marketing,
20
warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating,
21
or otherwise directing and/or facilitating the use of, or advertising a certain product, namely
22
asbestos and other products containing asbestos.
23
     11.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and
24
each of them, singularly and jointly, negligently, and carelessly researched, manufactured,
25
fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed
26
to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,
27
supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,
28
installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,

1  rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,

2  and other products containing asbestos, in that said products caused personal injuries to users,

3  consumers, workers, bystanders and others, including the plaintiff herein, (hereinafter

4  collectively called "exposed persons"), while being used in a manner that was reasonably

5  foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by

6  "exposed persons".

7      12.    Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to

8  exercise due care in the pursuance of the activities mentioned above and defendants, and each of

9  them, breached said duty of due care.

10      13.    Defendants, their ALTERNATE ENTITIES and each of them, knew, or should

11  have known, and intended that the aforementioned asbestos and products containing asbestos

12  and related products and equipment, would be transported by truck, rail, ship, and other common

13  carriers, that in the shipping process the products would break, crumble, or be otherwise

14  damaged; and/or that such products would be used for insulation, construction, plastering,

15  fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not

16  limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,

17  breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the

18  release of airborne asbestos fibers, and that through such foreseeable use and/or handling

19  "exposed persons", including plaintiff herein, would use or be in proximity to and exposed to

20  said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

21  persons working in proximity to said products, directly or through reentrainment.

22      14.    Plaintiffs have used, handled, or been otherwise exposed to asbestos and

23  asbestos-containing products referred to herein in a manner that was reasonably foreseeable.

24  Plaintiffs' exposure to asbestos and asbestos-containing products is on current information as set

25  forth at various locations and circumstances in **Exhibit A**, attached to plaintiff's complaint and

26  incorporated by reference herein.

27      15.    As a direct and proximate result of the acts, omissions, and conduct of the

28  defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, plaintiffs' exposure

1  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,

2  or harm to the plaintiff as set forth in **Exhibit A,** attached to plaintiffs' complaint and

3  incorporated by reference herein.

4       16.    Plaintiffs are informed and believe, and thereon allege, that progressive lung

5  disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos

6  fibers without perceptible trauma and that said injury, damage, loss, or harm results from

7  exposure to asbestos and asbestos-containing products over a period of time.

8       17.    Plaintiffs each suffer from a condition related to exposure to asbestos and

9  asbestos-containing products. Plaintiffs are not aware at the time of exposure that asbestos or

10 asbestos-containing products presented risk of injury and/or disease.

11      18.    As a direct and proximate result of the aforesaid conduct of defendants, their

12 ALTERNATE ENTITIES, and each of them, plaintiffs have suffered, and continue to suffer,

13 permanent injuries and/or future increased risk of injuries to their persons, body and health,

14 including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and

15 emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to their

16 general damage.

17      19.    As a direct and proximate result of the aforesaid conduct of the defendants, their

18 "alternate entities," and each of them, plaintiffs have incurred, are presently incurring, and will

19 incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-

20 rays and other medical treatment, the true and exact amount thereof being unknown to plaintiffs

21 at this time, and plaintiffs pray leave to amend this complaint accordingly when the true and

22 exact cost thereof is ascertained.

23      20.    As a further direct and proximate result of the said conduct of the defendants,

24 their "alternate entities," and each of them, plaintiffs have incurred pecuniary losses, the full

25 nature and extent of which are not yet known to plaintiffs; and leave is requested to amend this

26 complaint to conform to proof at the time of trial.

27      21.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,

28 directors and managing agents participated in, authorized, expressly and impliedly ratified, and

1  had full knowledge of, or should have known of, each of the acts set forth herein.

2      22.    Defendants, their "alternate entities," and each of them, are liable for the

3  fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,

4  and each defendant's officers, directors and managing agents participated in, authorized,

5  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of

6  each of their ALTERNATE ENTITIES as set forth herein.

7      23.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,

8  and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious

9  disregard and indifference to the safety and health of "exposed persons". Plaintiffs, for the sake

10  of example and by way of punishing said defendants, seek punitive damages according to proof.

11      WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities,"

12  and each of them, as hereinafter set forth.

13                    SECOND CAUSE OF ACTION
                        (Products Liability)

14

15      AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

16  ACTION FOR PRODUCTS LIABILITY, PLAINTIFFS COMPLAIN AS FOLLOWS:

17  PLAINTIFF JAMES GUTHRIE COMPLAINS OF DEFENDANTS GENERAL ELECTRIC

18  COMPANY,  DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM;

19  PLAINTIFF TONY DAVIDSON COMPLAINS OF DEFENDANTS GENERAL ELECTRIC

20  COMPANY,  DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM;

21  PLAINTIFF RONALD ZERANGUE COMPLAINS OF DEFENDANTS GENERAL

22  ELECTRIC COMPANY,  DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF

23  THEM; PLAINTIFF SAMUEL RESTER COMPLAINS OF DEFENDANTS GENERAL

24  ELECTRIC COMPANY,  DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF

25  THEM; PLAINTIFF , JOHN GRAY  COMPLAINS OF DEFENDANTS GENERAL

26  ELECTRIC COMPANY,  DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF

27  THEM; PLAINTIFF ELMER PAROLINI COMPLAINS OF DEFENDANTS GENERAL

28  ELECTRIC COMPANY,  DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF

1  THEM; PLAINTIFF WAYNE DUFAULT COMPLAINS OF DEFENDANTS GENERAL

2  ELECTRIC COMPANY, LOCKHEED MARTIN CORPORATION, DOES 1-300, THEIR

3  "ALTERNATE ENTITIES," AND EACH OF THEM; PLAINTIFF JESSE BEVERLY, JR.

4  COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY, TODD SHIPYARDS

5  CORPORATION, RAYTHEON AIRCRAFT COMPANY, MCDONNELL DOUGLAS

6  CORPORATION, DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM:

7      24.    Plaintiffs incorporate herein by reference, as though fully set forth herein, the

8  allegations contained in each paragraph of the First Cause of Action herein.

9      25.    Defendants, their ALTERNATE ENTITIES, and each of them, knew and

10  intended that the above-referenced asbestos and asbestos-containing products would be used by

11  the purchaser or user without inspection for defects therein or in any of their component parts

12  and without knowledge of the hazards involved in such use.

13      26.    Said asbestos and asbestos-containing products were defective and unsafe for

14  their intended purpose in that the inhalation of asbestos fibers causes serious disease and/or

15  death. The defect existed in the said products at the time they left the possession of defendants,

16  their "alternate entities," and each of them.  Said products did, in fact, cause personal injuries,

17  including asbestosis, other lung damage, and cancer to "exposed persons", including plaintiffs

18  herein, while being used in a reasonably foreseeable manner, thereby rendering the same

19  defective, unsafe and dangerous for use.

20      27.    "Exposed persons" did not know of the substantial danger of using said products.

21  Said dangers were not readily recognizable by "exposed persons".  Said defendants, their

22  ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

23  which plaintiffs and others similarly situated were exposed.

24      28.    In researching, manufacturing, fabricating, designing, modifying, testing or

25  failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying,

26  offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation,

27  repairing, marketing, warranting, rebranding, manufacturing for others, packaging and

28  advertising asbestos and asbestos-containing products, defendants, their ALTERNATE

1    ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed

2    persons" who came in contact with said asbestos and asbestos-containing products, in that said

3    defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there

4    was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-

5    containing products, including, but not limited to, asbestosis, other lung damages and cancer.

6    Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or

7    with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and

8    which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of

9    them on or before 1930, and thereafter.

10        29.    On or before 1930, and thereafter, said defendants, their ALTERNATE

11    ENTITIES and each of them, were aware that members of the general public and other "exposed

12    persons", who would come in contact with their asbestos and asbestos-containing products, had

13    no knowledge or information indicating that asbestos or asbestos-containing products could

14    cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that

15    members of the general public and other "exposed persons", who came in contact with asbestos

16    and asbestos-containing products, would assume, and in fact did assume, that exposure to

17    asbestos and asbestos-containing products was safe, when in fact said exposure was extremely

18    hazardous to health and human life.

19        30.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each

20    of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

21    lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,

22    market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

23    asbestos-containing products without attempting to protect "exposed persons" from or warn

24    "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

25    asbestos-containing products. Rather than attempting to protect "exposed persons" from, or

26    warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos

27    and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

28    intentionally failed to reveal their knowledge of said risk, and consciously and actively

1   concealed and suppressed said knowledge from "exposed persons" and members of the general

2   public, thus impliedly representing to "exposed persons" and members of the general public that

3   asbestos and asbestos-containing products were safe for all reasonably foreseeable uses.

4   Defendants, their ALTERNATE ENTITIES, and each of them, engaged in this conduct and

5   made these implied representations with the knowledge of the falsity of said implied

6   representations.

7        31.    The above-referenced conduct of said defendants, their ALTERNATE

8   ENTITIES, and each of them, was motivated by the financial interest of said defendants, their

9   ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design,

10   modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for

11   sale, supply, sale, inspection, installation, contracting for installation, repair, marketing,

12   warranting, rebranding, manufacturing for others, packaging and advertising of asbestos and

13   asbestos-containing products. In pursuance of said financial motivation, said defendants, their

14   ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed

15   persons" and in fact were consciously willing and intended to permit asbestos and asbestos-

16   containing products to cause injury to "exposed persons" and induced persons to work with and

17   be exposed thereto, including plaintiffs.

18        32.    Plaintiffs allege that the aforementioned defendants, their ALTERNATE

19   ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

20   products to be safe for their intended use but that their asbestos and asbestos-containing

21   products, created an unreasonable risk of bodily harm to exposed persons.

22        33.    Plaintiffs further allege their injuries are a result of cumulative exposure to

23   asbestos and various asbestos-containing products manufactured, fabricated, inadequately

24   researched, designed, modified, inadequately tested, labeled, assembled, distributed, leased,

25   bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation,

26   repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised by

27   the aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that

28   plaintiffs cannot identify precisely which asbestos or asbestos-containing products caused the

1 | injuries complained of herein.

2 | ///

3 |     34.     Plaintiffs relied upon defendants', their "alternate entities'", and each of their

4 | representations, lack of warnings, and implied warranties of fitness of asbestos and their

5 | asbestos-containing products.  As a direct, foreseeable and proximate result thereof, plaintiffs

6 | have been injured permanently as alleged herein.

7 |     35.     As a direct and proximate result of the actions and conduct outlined herein,

8 | plaintiffs have suffered the injuries and damages previously alleged.

9 |     WHEREFORE, plaintiffs pray judgment against defendants, their ALTERNATE

10 | ENTITIES, and each of them, as hereinafter set forth.

11 | **IV.**

12 | **PRAYER**

13 |     WHEREFORE, plaintiffs pray judgment against defendants, their ALTERNATE

14 | ENTITIES, and each of them in an amount to be proved at trial in each individual case, as

15 | follows:

16 |     (a)     For plaintiffs' general damages according to proof;

17 |     (b)     For plaintiffs' loss of income, wages and earning potential according to proof;

18 |     (c)     For plaintiffs' medical and related expenses according to proof;

19 |     (d)     For plaintiffs' cost of suit herein;

20 |     (e)     For exemplary or punitive damages according to proof;

21 |     (f)     For damages for fraud according to proof; and

22 |     (g)     For such other and further relief as the Court may deem just and proper, including

23 | costs and prejudgment interest.

24 | Dated: April 15, 2007                          BRAYTON❖PURCELL LLP

25 |                                                    /s/  David R.  Donadio

26 |                                             By: _____

27 |                                                    David R.  Donadio
     Attorneys for Plaintiffs

28 | ///

1   ///

2   ///

3   <u>JURY DEMAND</u>

4   Plaintiffs hereby demand trial by jury of all issues of this cause.

5   Dated: April 15, 2007                   BRAYTON❖PURCELL LLP

6                               /s/  David R.  Donadio

7                  By: _____

8                        David R. Donadio
                           Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

**Plaintiff:  JAMES GUTHRIE**

Plaintiff's injuries:  Plaintiff was diagnosed with Asbestosis on or about November 2001.
Defendants:  Plaintiff contends that the asbestos-containing products to which he was or may
have been exposed to were manufactured, supplied, distributed, installed and/or contracted for
by Defendants.   Plaintiff's exposure to asbestos occurred at the following times and places, and
involved exposure to dust created by the contractors and the products of the entities listed below.
The exposure includes, <u>but is not limited,</u> to the following presently known contractors and the
manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Atchison, Topeka & Santa Fe Railroad Yard Topeka, KS | Atchison, Topeka & Santa Fe Railroad Yard Topeka, KS | Laborer | 1951 (approx 3 months) |

Job Duties: Plaintiff cleaned up after a flood.  Plaintiff recalls ripping off old insulation from
pipes.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Training Center San Diego, CA | Trainee | 1/1952-1956 |
| | <u>KLONDIKE</u> (AD-22) | Engineman | (approx 2 weeks) |
| | <u>GEENERAL WILLIAM WEIGEL</u> (AP-119) | | (22 days) |
| | Naval Repair Facility Sasebo, Japan | | |
| | <u>ALSTEDE</u> (AF-48) Naval Repair Facility Sasebo, Japan | | |

Job Duties: Plaintiff recalls that asbestos from steam pipes flaked off into his sleeping quarters
while in the barracks at the Naval Training Center.  On the <u>KLONDIKE</u>, plaintiff recalls
receiving training on how to disassemble and repack valves, motors, and pumps.  Plaintiff recalls
that the <u>WILLIAM WEIGLE</u> was a troop ship that had asbestos steam pipes overhead.  On the

<u>ALSTEDE,</u> plaintiff worked in the engine room. Plaintiff repacked valves. Plaintiff recalls ANCHOR packing, DURAMETALLIC CORPORATION gaskets, GARLOCK SEALING TECHNOLOGIES, LLC gaskets, JOHN CRANE, INC. packing and gaskets. Plaintiff recalls THERMOBESTOS boiler insulation. Plaintiff recalls having to cut the gaskets to size. Plaintiff removed and replaced insulation. Plaintiff mixed raw asbestos with water to form a paste. Plaintiff applied the asbestos paste on pipes with his bare hands. Plaintiff recalls installing VICTOR gaskets on heat exchangers. Plaintiff recalls having to scrape off the old gaskets to apply the new ones. Plaintiff recalls that when the ships went into the shipyards for major overhauls he worked in close proximity to shipyard workers while they performed various repairs. Plaintiff recalls working in close proximity to pipefitters, electricians.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Selvex Corporation Kansas City, KS | Selvex Corporation Kansas City, KS | Assembler | 1956 (approx 1 year) |

Job Duties: Plaintiff assembled a heat system for an oven. Plaintiff installed asbestos panels inside of the oven. Plaintiff caulked the joints together with an asbestos cement.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Kansas City Missouri Housing Authority Kansas City, MO | various residential housing projects and high rise buildings, Missouri | Maintenance Inspector | 1959 |
| | Unknown apartment complex, 15th & 16th & Vine Street, Kansas City, MO | Maintenance Mechanic (supervisor) | 1960-1966 |
| | unknown power plants | | |

Job Duties: Plaintiff oversaw the construction of residential buildings and high rise buildings. Plaintiff ensured that the contractors installed the correct equipment on construction sites. Plaintiff recalls working in close proximity to insulators who were installing insulation on boilers and steam pipes. Plaintiff recalls being on site during all phases of building. Plaintiff worked in close proximity to carpenters, insulators, welders, drywallers, tapers, painters.

Plaintiff was the head maintenance supervisor for an apartment building during new construction. Plaintiff ordered and disbursed materials. Plaintiff recalls bags of raw asbestos and pipe insulation. Plaintiff worked in close proximity to others who were removing and replacing steam pipes, tearing out insulation, and re-applying insulation to pipes. Plaintiff

worked in close proximity to others who were mixing raw asbestos with water to form a paste. Plaintiff recalls the following products: KAISER GYPSUM and GOLD BOND joint compound. Plaintiff recalls working in close proximity to drywallers, tapers, pipefitters, welders, electricians, and painters. Plaintiff recalls others installing CONGOLEUM CORPORATION and ARMSTRONG floor tiles. Plaintiff recalls PABCO insulation products, OWENS CORNING FIBERGLAS, KAYLO insulation products, JOHNS-MANVILLE insulation products. Plaintiff installed asbestos exterior siding on apartments. Plaintiff sawed, cut and drilled the siding to size before installing it. Plaintiff recalls the following co-workers: Charlie McGee, McCloud, Kansas; Bernice Dye, Kansas City, Missouri; "Red" Thomas, Raytown, Missouri.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hercules Powder Company De Soto, KS | Hercules Powder Plant De Soto, KS | Facilities Maintenance Mechanic | 1967-1969 |

Job Duties: Plaintiff oversaw facilities and maintenance and ordered and distributed supplies. Plaintiff handled bags of raw asbestos which broke open and had to be swept up. Plaintiff recalls that JOHNS-MANVILLE supplied the bags of raw asbestos. Plaintiff worked in close proximity to others while they performed repairs on pipes. Plaintiff recalls that the others were disturbing the insulation on the pipes.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| JC's Construction Water Valley, KY | JC's Construction various residential & commercial locations in Kentucky and Tennessee | Contractor | 1969-1996 |

Job Duties: Plaintiff performed all phases of construction except plumbing and electrical work. Plaintiff performed roofing, insulation and siding work. Plaintiff sprayed insulation and fireproofing in attics. Plaintiff recalls cutting and hanging drywall. Plaintiff recalls mixing joint compound, applying it to the wall and then sanding it. Plaintiff recalls taping and sanding drywall. Plaintiff recalls cleaning up the debris from drywall installation. Plaintiff recalls very dusty and dirty conditions. Plaintiff used DURABOND 60 & 90 joint compound. Plaintiff recalls mixing drywall joint compound manufactured by HAMILTON, USG, GOLD BOND, KAISER GYPSUM. Plaintiff recalls CELOTEX sheets of insulation. Plaintiff recalls the following supplier: BUILDERS SUPPLY, South Fulton, Tennessee.

Plaintiff: **TONY DAVIDSON**

Plaintiff's injuries: Plaintiff was diagnosed with asbestos-related pleural disease on or about 07/27/2006, and Asbestosis on or about 08/30/2005. Defendants: Plaintiff contends that the asbestos-containing products to which he was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by Defendants. Plaintiff's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below. The exposure includes, <u>but is not limited,</u> to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| <u>Employer</u> | Location of <u>Exposure</u> | <u>Job Title</u> | Exposure <u>Dates</u> |
|---|---|---|---|
| U.S. Navy | Naval Air Station Alameda<br>Alameda, CA | Boiler Tender | 1955-1959 |
| | Hunters Point Naval<br>Shipyard<br>San Francisco, CA | | |
| | Yokosuka Naval Base<br>Yokosuka, Japan | | |
| | Puget Sound Naval<br>Shipyard<br>Bremerton, WA | | |
| | <u>USS BON HOMME<br>RICHARD</u> (CVA-31) | | |

Job Duties: Plaintiff worked in the boiler room aboard the <u>USS BON HOMME RICHARD</u> (CVA-31). Plaintiff monitored and maintained BABOCK & WILCOX boilers. Plaintiff took apart boilers and cleaned the inside of boilers and boiler tubes using wire brushes. Plaintiff removed and reinstalled insulation during the process. Plaintiff disassembled, repaired and repacked CRANE CO. valves. Plaintiff disassembled and repaired CHICAGO, GENERAL ELECTRICAL and INGERSOLL RAND pumps. Plaintiff cut and fitted GARLOCK gaskets. Plaintiff occasionally installed JOHNS MANVILLE insulation onto piping, valves and flanges. Plaintiff took apart CUTLER HAMMER and FISHER controls for maintenance. Plaintiff recalls the following coworkers: Junior Moore, Oakland, California; Vernon Tolliver, Concord, California; Floyd Lewis, San Francisco, California; Donald Campbell, Oakland, California; William Martin, Alameda, California; Henry Murphy, Long Beach, California; Charles Booker, Carson, California.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lear Siegler Inc. | Lear Siegler, Inc. South Gate, CA | Assembler | 1964-1967 |

Job Duties: Plaintiff worked on assembly line. Plaintiff assembled wall and floor heaters and air conditioning units. Plaintiff installed insulation in the heating and air conditioning units. Plaintiff used torches, sealants and solder to seal parts together. Plaintiff recalls the following coworkers: Austin Wilder, Gardena, California; Jerry Davidson, Paramount, California, Louis Phillips, Fairfield, California.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| McDonnell Douglas Corporation | McDonnell Douglas Corporation Torrance, CA | Metal Worker | 1967-1994 |

Job Duties: Plaintiff ground and sanded aluminum, steel and other metals using grinding and sand blasting machines. Plaintiff recalls often grinding the grinding wheels down to the hub. Plaintiff performed maintenance and repairs on milling machines. Plaintiff worked in the vicinity of cranes that were being disassembled and repaired. Plaintiff shared the same workspace with machinists, sandblasters, welders and painters. Plaintiff recalls the following coworkers: Ivory Butler, Victorville, California; Jim Todd, Harbor City, California; Richard Speed, Inglewood, California; Jesse Dotson, Riverside, California; Leon Hanes, Fort Worth, Texas; Porter Wyatt, Compton, California; Mike Martinez, Norwalk, California; Dave Grego, Victorville, California; Bill Kessee, unknown city, Louisiana; Cliff Thompson; Compton, California; Glenn Stealman, Hemet, California; James Macias, Torrance, California; Danny Spaiza, San Pedro, California; Jake Burens, Carson, California.


Plaintiff:  **RONALD ZERANGUE**
Plaintiff's injuries:   Plaintiff was diagnosed with asbestos-related pleural disease on or about 09/29/2006, and Asbestosis  on or about 09/29/2006. Defendants:  Plaintiff contends that the asbestos-containing products to which he was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by Defendants.   Plaintiff's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below. The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| U.S. Navy | Naval Training Center, San Diego | Trainee | Oct. 1968 - Nov. 1968 |
| | Naval Training Center, Great Lakes, Il | Trainee | Nov. 1968 |
| | USS UHLMANN (DD-687) | Boiler Tender | 3 April 1969 - 5 Sept. 1969 |
| | USS SAMUEL GOMPERS (AD-37) | Boiler Tender | |
| | USS PERKINS (DD-877) Hunters Point Naval Shipyard, San Francisco, CA | Boiler Tender | 30 Oct 1969 - 31 July 1972 |

Job Duties: Plaintiff recalls standing watch in the engine room or boiler room. Plaintiff recalls that a normal workday would be spent repairing or cleaning in the boiler room, or on a larger ship, in the combined boiler room and engine room. The UHLMANN (DD 687) was a WWII vintage destroyer based out of San Diego. Plaintiff recalls spending most of his time in the boiler room. Plaintiff recalls the boilers had firebrick and mortar around the back of the boiler. Plaintiff's job duties included inspecting the firebox and repairing cracks in the mortar when the furnaces were shut down for maintenance. Plaintiff recalls that there were asbestos handholds located in the engine room. Plaintiff changed gaskets on all four of the ship's boilers. Plaintiff recalls that the valves were packed with asbestos packing. Plaintiff recalls that the air intake casing around the furnace was gasketed with asbestos rope. The GOMPERS was a repair tender. Plaintiff recall his duties aboard the GOMPERS were similar to his duties on the UHLMANN and PERKINS. The PERKINS was a destroyer. Plaintiff served on the ship from Oct. 30, 1969 - July 31, 1972. Plaintiff was aboard this ship while it was in drydock for 6-8 months before going to Vietnam. Plaintiff recalls participating in military exercises in Vietnam aboard the USS PERKINS from July 1970 - Feb. 1971. Plaintiff recalls that while the ship was in drydock the ship's crew performed daily duties aboard the ship. Plaintiff recalls his duties including removing and replacing asbestos insulation when rebuilding the 3 or 5 boiler valves that were on each boiler, replacing gaskets on valves and pumps and stripping insulation off bolts and flanges as necessary to access parts to repair or replace. Insulation was stripped off using whatever tools would take it off, such a claw hammers, small hatchets, screwdrivers, or any tool that was handy. Lagging was attached to pipes and valves with wire but would

sometimes fall apart.   Plaintiff recalls some pieces of asbestos insulation were saved and used to insulate valves and flanges. The scrap pieces would be attached to a flange or other fixture and coated with insulating cement to hold them in place.   Plaintiff recalls cleaning steam pipes and decks after repairs.    Plaintiff recalls using the following asbestos containing materials on all three ships while in the Navy: Asbestos pads, asbestos pipes, asbestos blocks, asbestos cement, asbestos spiral ring gaskets, hand hold, and man hole gaskets, asbestos flange ring gaskets, asbestos packing valves and pumps, asbestos pipe coverings, asbestos rope, asbestos lagging, asbestos pads, asbestos insulation pads.       Plaintiff recalls the following asbestos containing products: ANCHOR PACKING, CELOTEX, FLEXITALLIC, GARLOCK and MONOBLOCK.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Allied Chemical (formerly General Chemical) | Allied Chemical Castro St., Richmond, CA | Maintenance mechanic | July 1973-July 1978 |

Job Duties: Plaintiff performed maintenance on various boilers at Allied Chemical. Among the brands of boilers plaintiff performed maintenance on were BABCOCK & WILCOX, TITUSVILLE, and ERIE CITY boilers. Plaintiff recalls Allied Chemical had four waste heat boilers. Plaintiff recalls participating in the scrapping of two small TITUSVILLE boilers that were part of hydrochloric sulphuric acid recovery units.  Plaintiff recalls that to prepare the boilers for scrap, plaintiff removed insulation, valves, gaskets, and related equipment.  Plaintiff recalls that insulation was removed any way that it could be torn off. Plaintiff recalls pieces of insulation were thrown or allowed to drop to the floor where they would be cleaned up later. Worn gaskets were thrown into an open dumpster. Bricks and mortar surrounding the boilers were knocked out with shovels, picks, hammers and cleaned up at the end of the day. Plaintiff recalls there was no protection, training, or hazard warnings given to any of the workers. The BABCOCK & WILCOX boilers were refurbished.  Plaintiff recalls when the boilers were retubed, boilermakers would torch the sides off, take the sheet metal and insulation off, remove all the tubing, and install new vertical water tubes. Plaintiff recalls that part of his duties consisted of cleaning up after the boilermakers. Plaintiff recalls that workers used a maintenance shop where material for gaskets was stored.  Plaintiff recalls workers would simply pull the material down, use a table to cut out the gaskets they needed and replace the material.  The area also doubled as a makeshift lunchroom where workers would often eat lunch on the table. Plaintiff removed and replaced manhole gaskets on catalytic towers. The catalytic towers were shut down and cleaned approximately every six months to remove debris would that collect in the towers and reduce the airflow.  Plaintiff recalls using the following asbestos containing products; asbestos pipe, asbestos pipe covering, asbestos rope, asbestos packings, insulation pads, asbestos paper, and asbestos gaskets.  Plaintiff recalls performing the following tasks using the material; applying and/or removing insulation pads, pipefitting, applying or removing pipe lagging, applying or removing valve packing, applying or removing boiler lagging, boiler jackets, boiler feed pumps, applying or removing steam line insulation. Plaintiff worked with the

following products; JOHNS MANVILLE THERMOSBESTOS, ANCHOR PACKING, FLEXITALLIC, GARLOCK, SUPER 66 insulating cement, CELOTEX, and OWENS CORNING KAYLO.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Z Doctor 100-23rd St. Richmond, CA | Z Doctor 100-23rd St. Richmond, CA | Automobile Mechanic | 7/78-7/04 |

Job Duties: Plaintiff performed brake work on DATSUN and NISSAN vehicles. Plaintiff worked in a small machine shop that had a grinder, brake lathe, and dry milling machine to mill cylinders. Plaintiff performed three to four brake jobs a week in addition to brake inspections, which involved removing brakes. Plaintiff also ground flywheels. Plaintiff recalls banging brake drums on the floor to knock out the dust. Plaintiff frequently performed clutch jobs. Plaintiff recalls rebuilding engines and replacing asbestos manifold gaskets and head gaskets. Plaintiff removed and replaced valve cover gaskets made of white asbestos approximately 3/8" thick. Plaintiff would scrape cylinder heads and blocks, then sand them during the tune-up process.. Plaintiff recalls that they later began using electric sanders which were faster, but threw up a lot of dust and debris. Plaintiff and his co-workers had to clean up their own areas using an airhose. Plaintiff recalls the following products; ANCHOR BOND brakes, RAYBESTOS brakes and clutches, BENDIX brakes and clutches, and DAIKIN clutches. Plaintiff also recalls supervisor John Vanek.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Orinda Motors | Orinda Motors, Orinda, CA | Automobile Mechanic | 9/9/04-2/2/06 |

Job Duties: Plaintiff recalls job duties were similar to those performed at Z Doctor above, but plaintiff performed more brake jobs.

Plaintiff: **SAMUEL RESTER**
Plaintiff's injuries: Plaintiff was diagnosed with asbestos-related pleural disease on or about 08/17/2006, and Asbestosis on or about 10/10/2006. Defendants: Plaintiff contends that the asbestos-containing products to which he was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by Defendants. Plaintiff's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below. The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Training Center Great Lakes, IL | Trainee | 2/14/1956-12/1957 |
| | USS LAKE CHAMPLAIN (CV-39) | Fireman | |

Job Duties: Plaintiff completed basic training for three months at the Naval Training Center. Plaintiff next served on board the LAKE CHAMPLAIN. Plaintiff maintained and repaired all steam pipelines, the steam boiler near the boiler room, and any other related equipments related to steam. Plaintiff checked gauges all over the ship. After repairing steam pipelines, plaintiff re-insulated the pipes with insulation. Plaintiff also repaired cracks in the insulation and assisted others in repairs. Plaintiff repaired valves, packing, and pumps. Plaintiff recalls co-worker Dell (first name unknown), address currently unknown.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Dixon Welding Company | Dixon Welding Company Shop El Dorado, AR | Welder (helper) | 1958-1959 |

Job Duties: Plaintiff assisted two to three welders. Plaintiff handled 6011 and LINCOLN 5P welding rods. Plaintiff ground tanks with an electric grinder. Plaintiff replaced the discs on the grinding wheels when they were down to the hubs. Plaintiff helped build and repair tanks. Plaintiff was nearby when welding was performed. Plaintiff recalls HALL OXYGEN, Northwest Avenue, El Dorado, Arkansas, as the supplier for the welding materials. Plaintiff recalls supervisor and owner Dixon (first name unknown), deceased.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hays Welding and Machine | Hays Welding and Machine Shop El Dorado, AR | Welder (helper) | 1960-1962 |

Job Duties: Plaintiff assisted about five welders. Plaintiff handled LINCOLN 5P and 6011 welding rods. Plaintiff assisted repaired drill stems and pumps. Plaintiff packed pumps with new packing when finished. Plaintiff ground drill stems and pumps. Plaintiff replaced discs on grinding wheels when they were down to the hubs. Plaintiff recalls supervisor and owner Frank Hays, deceased; and welder (helper) Ernie Spirey, deceased.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| El Dorado Foundry and Machine | El Dorado Foundry and Machine, Shop El Dorado, AR | Welder (helper) | 1963-1966 (about 4 years) |
| | Columbia Carbon El Dorado, AR | | (on/off) |
| | Cooper Tire & Rubber Co. El Dorado, AR | | (on/off) |

Job Duties: At the shop, plaintiff assisted three welders and handled LINCOLN 5P and 6011 welding rods. Plaintiff ground with a grinder and replaced its grinding discs. Plaintiff replaced tubes on the burners and rolled tubes. Plaintiff assisted in repairing drill stems and pumps. Plaintiff packed pumps with new packing. Plaintiff changed gaskets on the pumps and valves. Plaintiff worked alongside welders as they welded. Plaintiff sandblasted and painted. Plaintiff recalls the following co-workers: Joe Kliner, deceased; and "Moon" Mullin (first name unknown), deceased. Plaintiff recalls supervisor Ray (last name unknown), deceased. At Columbia Carbon, plaintiff repaired chutes and auger. Plaintiff replaced pumps. Plaintiff assisted welder Kim (first name unknown), address currently unknown. Plaintiff handled LINCOLN 5P and 6011 welding rods. Plaintiff ground and assisted welder Kim (first name unknown), address currently unknown, at Cooper Tire. Plaintiff worked alongside others who welded on molding machines. Plaintiff handled LINCOLN 5P and 6011 welding rods.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Levin Enterprises, Inc. (Metal Workers Local 1088) 550 Hamilton, #329 Palo Alto, CA 94301 | Nicolai Joeffe/Levin Metals Shipyard, Richmond, CA | Burner | 4/1972-9/1974 |

Job Duties: Plaintiff cut scrap metal into smaller pieces. Plaintiff used a propane torch to perform the cutting. Plaintiff cut into smaller pieces of navy ships, submarines, box cars, and asbestos insulated pipes. Plaintiff removed insulation from the pipes after cutting into them. Plaintiff also cut off valves and pumps from the pipes. Plaintiff recalls supervisor: Bailey (first name unknown), address currently unknown.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Iron Worker Local 378 Training School | Iron Worker Local 378 Training School Oakland, CA | Welder (student) | 1974 (every Saturday) |

Job Duties: Plaintiff welded with LINCOLN and HOBART 6010 and 6011 welding rods. during this training.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Bethlehem Steel Corp. (Iron Worker Local 118) 1170 8th Ave., #1821 Bethlehem, PA 18018 | Highway 4 downtown Stockton, CA | Ironworker | 7/1974-3/1975 |

Job Duties: Plaintiff recalls this was new construction from the east to the west of Stockton, California. Plaintiff reinforced steel and performed rebar work on the overpass. Plaintiff worked alongside electricians cutting and stripping electrical wires. Plaintiff recalls supervisor John "Big John" (last name unknown), address currently unknown.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Soule Steel Co. (Iron Worker Local 378) PO Drawer SS Walnut Creek, CA 94596 | Bethlehem Steel Alameda, CA | Ironworker | 4/1975-9/1975 |

Job Duties: Plaintiff assisted in the repair of a machine that made rebar out of pellets. Plaintiff performed bolt up work. Plaintiff was near others who were welding with 6010 welding rods.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Reinforcing Steel, Inc. (Iron Worker Local 378) 610 16th St., #409 Oakland, CA 94612 | Reinforcing Steel, Inc. Unknown location | Ironworker | 4/1975-9/1975 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Ironbridge Corp. (Iron Worker Local 378) 950 Third Ave., 23rd Fl. New York, NY | Unknown high rise building, San Francisco, CA | Ironworker | 7/1975-12/1975 |

Job Duties: Plaintiff assisted welders with Y-welders. Plaintiff prepared the welding and machines for the welders. Plaintiff handled asbestos welding blankets.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Bostrom-Bergen Metal Products 1941 Davis San Leandro, CA 94577 | Bostrom-Bergen Metal Products, Unknown location | Ironworker | 7/1975-9/1975 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Gerhelm, Inc. Delta Steel Erectors 325 W. Channel Rd. Benicia, CA 94510 | Gerhelm, Inc. Delta Steel Erectors Unknown location | Ironworker | 10/1975-12/1975 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Unknown employer | Unknown Glass Plant east Oakland, CA | Ironworker | 7/1975-9/1975 |

Job Duties: Plaintiff performed structural and repair work. Plaintiff worked around welders and assisted them. Plaintiff handled LINCOLN 5P and 6011 welding rods.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Bostrom-Bergen Metal Products 1941 Davis San Leandro, CA 94577 | Bostrom-Bergen Metal Products, Unknown location | Ironworker | 4/1976-6/1976 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| CSB Construction Inc. 800 - 77th Ave. Oakland, CA 94621 | CSB Construction Inc. Unknown location | Ironworker | 1/1976-3/1976 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Post Tensioning Service Corp. Box 4215 47385 Warm Springs Blvd. Fremont, CA 94539 | Post Tensioning Service Corp., Unknown location | Ironworker | 4/1976-6/1976 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Vogt & Conant Box 9629 Little Rock, AR 72209 | Vogt & Conant Unknown location | Ironworker | 10/1976-3/1977 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Thomas F. Roberds Ace Supply Co. | Ace Supply Co. Unknown location | Ironworker | 1/1977-3/1977 |

Dr. 571
El Dorado, AR 71730

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hafco, Inc.<br>200 Smith St.<br>W. Monroe, LA 71292 | Hafco, Inc.<br>Unknown location | Ironworker | 1/1977-6/1977 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Rust International Inc.<br>Health Benefits Trust<br>c/o WMX Technologies, Inc.<br>(Ironworker Local 710)<br>3003 Butterfield Rd.<br>Oak Brook, IL 60521 | Georgia Pacific Paper Mill<br>Crossett, AR | Ironworker | 4/1977-1978 |

Job Duties: Plaintiff performed repair work. Plaintiff welded with LINCOLN 5P and 6011 welding rods. Plaintiff worked in the tissue area where the paper was being dried, the area where chips were converted to paper, and the bleaching mill area. Plaintiff worked alongside the following trades: carpenters laying the foundation, millwrights repairing pumps, and electricians routing new lines. Plaintiff recalls foreman Donny Sharon, Crossett, Arkansas; co-worker Joe Sharon, Hamburg, Arkansas; and co-worker Larry Sharon, address currently unknown.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Umphers Construction Co<br>Box 1160<br>Hot Springs, AR 71902 | Murphy Corp. Operation<br>El Dorado, AR | Ironworker | 1978 |

Job Duties: Plaintiff installed glass rails. Plaintiff mixed quick set cement for the base of the rails. Plaintiff worked near carpenters; drywallers installing 5/8th inch fire-rated sheetrock walls; fireproofers spraying fireproofing; plumbers; and electricians.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|

| Crown Contractors, Inc.<br>Box 1457<br>El Dorado, AR 71731 | Georgia Pacific Paper Mill<br>Crossett, AR | Ironworker | 1978-1979 (1-2 times) |
| | Environmental Services<br>Company (ENSCO),<br>Hazardous Waste<br>Incinerator,<br>El Dorado, AR | | |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
| --- | --- | --- | --- |
| Ace Contractors, Inc.<br>309 American Rd, Box 571<br>El Dorado, AR 71731 | Great Lakes Chemical<br>El Dorado, AR | Ironworker | 1978-1983 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
| --- | --- | --- | --- |
| Refractory Construction, Inc.<br>1333 N. Utica<br>Tulsa, OK 74110 | Refractory Construction,<br>Inc.,<br>Unknown location | Ironworker | 1978 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
| --- | --- | --- | --- |
| ABB Combustion<br>Engineering, Inc.<br>c/o ABB Tax Services<br>Box 5308<br>Norwalk, CT 06856 | ABB Combustion<br>Engineering, Inc.,<br>Unknown location | Ironworker | 1979 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
| --- | --- | --- | --- |

| Litwin Corp.<br>Box 1581<br>Houston, TX 77251 | Tosco Oil Refinery<br>El Dorado, AR | Ironworker | 1979-1980 |

Job Duties: Plaintiff installed wire mesh. Plaintiff recalls being near carpenters putting fireproofing materials on the beams. Plaintiff was around laborers cleaning and sweeping, and electricians.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|
| Vogt & Conant<br>Box 9629<br>Little Rock, AR 72209 | Vogt & Conant<br>Unknown location | Ironworker | 1980 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|
| Gene Nelson International,<br>Inc. & Subsidiaries<br>10302 FM 2004<br>Santa Fe, TX 77510 | Gene Nelson International,<br>Inc. & Subsidiaries,<br>Unknown location | Ironworker | 1980 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|
| Refractory Construction, Inc.<br>1333 N. Utica<br>Tulsa, OK 74110 | Refractory Construction,<br>Inc.,<br>Unknown location | Ironworker | 1980 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|
| Charles Hays Enterprises,<br>Inc.<br>Box 2118<br>El Dorado, AR | Charles Hays Enterprises,<br>Inc.,<br>Unknown location | Ironworker | 1981 |

Job Duties: Plaintiff performed structural work.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hampton & Crain Construction Co., Inc. 1201 1/2 E. Main St. El Dorado, AR 71730 | Union Memorial Hospital El Dorado, AR | Ironworker | 1981-1982; 1986; 1994-1995 |
| | Tosco Oil Refinery El Dorado, AR | | |

Job Duties: Plaintiff performed reinforcement and rebar work. Plaintiff drilled holes into the cement for rebar. Plaintiff worked around carpenters framing walls and laying foundations, and laborers cleaning and sweeping.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Livers Bronze Co. 4621 E. 75th Terrace Kansas City, MO 64132 | Livers Bronze Co. Unknown location | Ironworker | 1983 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Charles Hays Enterprises, Inc. Box 2118 El Dorado, AR | Charles Hays Enterprises, Inc., Unknown location | Ironworker | 1983 |

Job Duties: Plaintiff performed structural work.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Systems Contracting Crop. (fka Charles Hays Enterprises, Inc) Box 2118 | AmerCable El Dorado, AR | Ironworker | 1984 |

El Dorado, AR 71731

Job Duties: Plaintiff recalls this was a furniture manufacturing plant that was converted to cable manufacturing plant. Plaintiff installed wire mesh for the concrete finishers. Plaintiff performed rebar work. Plaintiff worked around carpenters and laborers.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Rothschild Boiler & Tank Works, Inc. Box 1680 Shreveport, LA 71165 | Rothschild Boiler & Tank Works, Inc., Unknown location | Ironworker | 1984 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| ABB Combustion Engineering, Inc. c/o ABB Tax Services Box 5308 Norwalk, CT 06856 | International Paper Co. Louisiana Mill Bastrop, LA | Ironworker | 1985 |

Job Duties: Plaintiff performed structural and repair work. Plaintiff welded with LINCOLN 5P and 6011 welding rods. Plaintiff used asbestos welding gloves. Plaintiff worked around carpenters, electricians, and concrete finishers pouring cement for floors.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Erwin Industries of Florida Box 1465 Tampa, FL 33601 | Georgia Pacific Paper Mill Crossett, AR | Ironworker | 1985 (night shifts) |

Job Duties: Plaintiff built scaffolds to repair the roof.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Crown Contractors, Inc. Box 1457 El Dorado, AR 71731 | Crown Contractors, Inc. Unknown location | Ironworker | 1985-1986 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Papco, Inc.<br>Box 669207<br>Charlotte, NC 28266 | International Paper Co.<br>Pine Bluff Coated<br>Paperboard Mill,<br>Pine Bluff, AR | Ironworker | 1986 |

Job Duties: Plaintiff welded with LINCOLN 5P and 6011 welding rods. Plaintiff worked near the following trades: millwrights replacing pumps, valves, gaskets, and heavy machineries; carpenters; electricians cutting and stripping electrical wires; laborers removing/demolishing and cleaning; and cement finishers performing foundation work. Plaintiff recalls PITCO as the general contractor.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| John F. Beasley Construction Co.<br>4001 Jaffee<br>Dallas, TX 75216 | John F. Beasley Construction Co.,<br>Unknown location | Ironworker | 1986 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Smith-Doyle Contractors, Inc.<br>1635 Wynne Rd.<br>Cordova, TN 38016 | Smith-Doyle Contractors, Inc.,<br>Unknown location | Ironworker | 1986 |

Job Duties: Plaintiff is currently unable to recall the specifics of this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Dywidag Systems International USA<br>320 Marmon Dr.<br>Bolingbrook, IL 60440 | Dywidag Systems International USA<br>Unknown location | Ironworker | 1987-1988 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| J J W Steel Ltd.<br>16181 Avenida San Miguel<br>La Mirada, CA 90638 | J J W Steel Ltd.<br>Various locations in the<br>Los Angeles, CA<br>surrounding area | Ironworker | 1987 |

Job Duties: Plaintiff performed rebar work.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Bay Steel Corp.<br>4086 Lincoln Blvd.<br>Venice, CA 90292 | Bay Steel Corp.<br>Unknown location | Ironworker | 1987 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Rebar Engineering, Inc.<br>10706 Painter Ave.<br>Santa Fe Springs, CA 90670 | Rebar Engineering, Inc.<br>Unknown location | Ironworker | 1987 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Vista Steel Co.<br>6100 A Francis Botello Rd.<br>Goleta, CA 93117 | Vista Steel Co.<br>Unknown location | Ironworker | 1987 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Continental-Hagen Corp.<br>Box 5050 | Continental-Hagen Corp.<br>Unknown location | Ironworker | 1987 |

Rosemead, CA 91770

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| J L Davidson Co., Inc. Box 719000 Santee, CA 92072 | J L Davidson Co., Inc. Unknown location | Ironworker | 1987 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Reinforcing Post-Tensioning Services, Inc. 215 York Place Claremont, CA 91711 | Central Freeway Los Angeles, CA | Ironworker | 1987-1988 |

Job Duties: Plaintiff recalls using stress cables on highway bridges.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Marvyn Graham Contractors, Inc. 631 N. Cypress La Habra, CA 90631 | Highway 605 around Cerritos, CA | Ironworker | 1988 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Raytheon Constructors, Inc. Box 8223 Philadelphia, PA 19101 | Raytheon Constructors, Inc. Unknown location | Ironworker | 1988 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| | | | |

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| VSL Corp.<br>Box 58277<br>Raleigh, NC 27658 | VSL Corp.<br>Unknown location | Ironworker | 1988 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Ball Ball & Brosamer, Inc.<br>Box 1007<br>Danville, CA 94526 | Ball Ball & Brosamer, Inc.<br>Unknown location | Ironworker | 1988 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Recon Steel Placers<br>15400 Sherman Way, #380<br>Van Nuys, CA 91406 | Recon Steel Placers<br>Unknown location | Ironworker | 1988 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Systems Contracting Crop.<br>Box 2118<br>El Dorado, AR 71731 | El Dorado Chemical<br>El Dorado, AR | Ironworker | 1989 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| John W. Stinson<br>Stinson Construction Co.<br>130 Shadow Lane<br>El Dorado, AR 71730 | Stinson Construction Co.<br>Unknown location | Ironworker | 1989 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| | Location of | | Exposure |
|---|---|---|---|

| Employer | Exposure | Job Title | Dates |
|---|---|---|---|
| J. Christy Construction Co., Inc. 1333 Robert E. Lee St. El Dorado, AR 71730 | Tosco Oil Refinery El Dorado, AR | Ironworker | 1990-1994 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Systems Contracting Crop. Box 2118 El Dorado, AR 71731 | Great Lakes Chemical El Dorado, CA | Ironworker | 1995 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| City of El Dorado | City Hall El Dorado, AR | Ironworker | 1995-1996 |
| | Streets El Dorado, AR | | |

Job Duties: Plaintiff's investigation and discovery are continuing.

Throughout plaintiff's career, plaintiff and others installed CHICAGO PUMP pumps. Plaintiff worked alongside other ironworkers, employed by UNION CARBIDE, who welded structures with 6010 welding rods and insulators from COLUMBIA PACIFIC INSULATION.

Plaintiff: **JOHN GRAY**
Plaintiff's injuries:  Plaintiff was diagnosed with asbestos-related pleural disease on or about 11/10/2006, and Asbestosis on or about 11/10/2006. Defendants:  Plaintiff contends that the asbestos-containing products to which he was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by Defendants.   Plaintiff's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below. The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U. S. Navy | Naval Training Center Great Lakes, IL | Trainee | **1968** |
| | Naval Training Center Norfolk, VA | Trainee | 1969 |
| | Mare Island Naval Shipyard, Vallejo, CA | Trainee | 1969 |
| | WHETSTONE (LSD-27); Naval Repair Facility San Diego, CA (Repair Port) | Machinist-Mate | 1970-1974 |
| | RANGER (CVA-61); Hunters Point Naval Shipyard, San Francisco, CA (Repair Port); Naval Air Station Alameda, CA (Repair Port) Pearl Harbor Naval Shipyard, Honolulu, HI (Repair Port) Naval Repair Facility Subic Bay, Philippines (Repair Port) | Machinist-Mate | 1970-1974 |

Job Duties: Plaintiff performed repair and maintenance of steam power plants on ships. Plaintiff Plaintiff performed his training at the following stations: Naval Training Center, Great Lakes, Illinios; Naval Training Center, Norfolk, Virginia and Mare Island Naval Shipyard, Vallejo, California. Plaintiff performed repair work on the WHETSTONE (LSD-27) while at port (Naval Repair Facility, San Diego, California). Plaintiff performed repair work on the RANGER (CVA-61) while at dry dock (Hunters Point Naval Shipyard, San Francisco, California), while at sea, and at the following ports: Hunters Point Naval Shipyard, San Francisco, California; Naval Air Station, Alameda, California; Pearl Harbor Naval Shipyard, Honolulu, Hawaii and the Naval Repair Facility, Subic Bay, Philippines. Plaintiff worked with boilers, heat exchangers, condensers, valves, pumps, turbines, generators, main engines, Oxygen/Nitrogen Plants, piping,

pressure valves, steam traps and pressure vessels. Plaintiff recalls disassembling and assembling boilers (type modified D). Plaintiff removed and replaced the insulation to make repairs to the boilers. Plaintiff recalls rebuilding and replacing valves. Plaintiff removed and replaced the packing when rebuilding CRANE CO. valves and VELAN valves. Plaintiff removed and replaced the insulation when making repairs to the heat exchangers (condensers). Plaintiff recalls removing and replacing the pumps. Plaintiff removed and replaced the packing and gaskets when making repairs to the pumps. Plaintiff recalls working with the steam turbines. Plaintiff removed and replaced the insulation when making repairs to the turbines. Plaintiff scraped off old gaskets and installed new gaskets before reassembling flanges. Plaintiff recalls making repairs to the steam-driven generators. Plaintiff removed and replaced the insulation, packing and gaskets when making repairs to the generators. Plaintiff recalls making repairs to the main engines. Plaintiff removed and replaced packing and gaskets when making repairs to the main engines. Plaintiff recalls making repairs to the Liquid Oxygen/ Liquid Nitrogen Plant. Plaintiff removed access panels to make repairs to the Liquid Oxygen/ Liquid Nitrogen Plant. Plaintiff removed, rebuilt and installed steam traps. Plaintiff installed FLEXITALLIC gaskets when rebuilding steam traps. Plaintiff recalls the following trades working near him: machinist mates and boiler tenders. Plaintiff recalls rebuilding CRANE CO. and VELAN valves. Plaintiff recalls the following manufacturers of asbestos-containing products: GARLOCK (gaskets), FLEXITALLIC (gaskets), DURABLA (gaskets), OWENS-CORNING (insulation), JOHNS-MANVILLE (insulation), JOHN CRANE (packing and gaskets). Plaintiff recalls having contact with asbestos-containing materials including but not limited to: asbestos insulating cement, asbestos cloth, asbestos tape, asbestos packing, asbestos lagging, insulation, insulation pads, asbestos pads, asbestos gaskets, gaskets, manhole gaskets, packing, and asbestos blankets. Plaintiff recalls the following supervisors: Charles Watson (address unknown); Al Vigue, Alameda, California; and Don Coulter (address unknown). Plaintiff recalls the following coworkers: Bill Hopson (deceased); Larry Schmitz, Wisconsin; Jim Johnson (address unknown).

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Department of Defense | Mare Island Naval Shipyard, Vallejo, CA | Marine Machinist | 1974-1995 |
| | Naval Air Station, Alameda, CA | | |
| | Naval Submarine Base, Point Loma San Diego, CA | | |
| | Naval Repair Facility 32nd Street Annex | | |

San Diego, CA

Pearl Harbor Naval
Shipyard
Honolulu, Hawaii

| | | |
|---|---|---|
| Submarines | Marine | 1974-1995 |
| Cruisers | Machinist | |
| Aircraft Carriers | | |

Job Duties: Plaintiff recalls performing repair and maintenance of steam power plants. Plaintiff worked with heat exchangers, condensers, valves, pumps, turbines, generators, main engines, piping, reactors, steam generators, pressurizers, ion exchangers, main coolant pumps, main coolant stop valves, main coolant check valves, and ships' hulls and framing. Plaintiff recalls disassembling and assembling reactors on submarines. Plaintiff recalls working near insulators who were removing and replacing the insulation to make repairs to the reactors. Plaintiff rebuilt and replaced valves. Plaintiff removed and replaced packing when rebuilding valves. Plaintiff recalls working near insulators who were removing and replacing the insulation when making repairs to the heat exchangers (condensers). Plaintiff recalls removing and replacing pumps. Plaintiff removed and replaced packing and gaskets when making repairs to the pumps. Plaintiff recalls insulators working near him removing and replacing the insulation when making repairs to the steam pumps. Plaintiff recalls working with the steam turbines. Plaintiff removed and replaced gaskets while making repairs to the turbines. Plaintiff recalls working near insulators who were removing and replacing the insulation when making repairs to the turbines. Plaintiff recalls disassembling flanges to repair pipes. Plaintiff scraped off old gaskets and installed new gaskets before reassembling the flanges. Plaintiff recalls making repairs to the steam-driven generators. Plaintiff removed and replaced the packing and gaskets when making repairs to the generators. Plaintiff recalls working near insulators who were removing and replacing the insulation when making repairs to the generators. Plaintiff recalls making repairs to the main engines. Plaintiff removed and replaced packing and gaskets when making repairs to the main engines. Plaintiff used a wire brush or a power wire brush to remove old gaskets. Plaintiff recalls making repairs to the steam piping. Plaintiff removed and replaced the gaskets when making repairs to the piping. Plaintiff recalls insulators working near him removing and replacing the insulation when making repairs to the steam piping. Plaintiff recalls making repairs to pressure vessels. Plaintiff removed and replaced gaskets and packing when making repairs to pressure vessels. Plaintiff recalls insulators working near him removing and replacing the insulation when making repairs to the pressure vessels. Plaintiff recalls the following trades working near him: marine machinists, pipefitters, welders, insulators, shipfitters, riggers, electricians, ships force (sailors) and painters. Plaintiff recalls rebuilding CRANE CO. and VELAN valves. Plaintiff recalls the following manufacturers of asbestos-containing products: GARLOCK (gaskets), FLEXITALLIC (gaskets), DURABLA (gaskets), OWENS-CORNING (insulation), JOHNS-MANVILLE (insulation), JOHN CRANE (packing). Plaintiff recalls having contact with asbestos-containing materials including but not limited to: asbestos insulating cement, asbestos cloth, asbestos tape, asbestos packings, asbestos gaskets and

manhole gaskets, insulation, pipe insulation, insulation pads and hanger liners. Plaintiff recalls the following supervisor: Bob Gottschall, Napa, California. Plaintiff recalls the following coworkers: Bob Smith, Napa, California; Mike Lett, Vallejo, California; Charlie Smiley, Green Valley, California; Frank Balcena, Vallejo, California.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Unocal Refinery Rodeo, CA | Unocal Refinery Rodeo, CA | Operator | 1996-1997 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Tosco Oil Refinery Rodeo, CA | Tosco Oil Refinery Rodeo, CA | Operator | 1997-1999 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Ultramar Oil Refinery Martinez, CA | Ultramar Oil Refinery Martinez, CA | Inspector | 1999-2001 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Volero Oil Refinery Martinez, CA | Tesoro Oil Refinery Martinez, CA | Inspector | 2001-2002 |

Job Duties: Plaintiff's investigation and discovery are continuing.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Tesoro Oil Refinery | Tesoro Oil Refinery | Inspector | 2002-present |

Martinez, CA                  Martinez, CA

Job Duties: Plaintiff's investigation and discovery are continuing.


Plaintiff:  **ELMER PAROLINI**

Plaintiff's injuries:  Plaintiff was diagnosed with asbestos-related pleural disease on or about 02/09/2007, Asbestosis and on or about 02/09/2007.  Defendants: Plaintiff contends that the asbestos-containing products to which he was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by Defendants.   Plaintiff's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below.  The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Puget Sound Naval Shipyard Bremerton, WA | Puget Sound Naval Shipyard Bremerton, WA | Joiner | May 1940-June 1944; June 1946-1972 |
| | LEXINGTON (CV-16) | | |
| | SARATOGA (CV-3) | | |
| | TICONDEROGA (CV-14) | | |
| | ESSEX (CV-9) | | |
| | CORAL SEA (CVA-43) | | |
| | ENTERPRISE (CV-6) | | |
| | NEVADA (CV-6) | | |
| | CALIFORNIA (BB-44) | | |
| | UTAH (BB-31) | | |
| | PROMETHEUS (AR-3) | | |
| | MACKINAC (AVP-13) | | |

<u>MERRIMAC</u> (MC-2617)

Job Duties: Plaintiff spent approximately seven years in the wood-working shop, but the majority of the remainder of his time at Puget Sound Naval Shipyard was spent working on ships.

Plaintiff spent his time in the wood-working shop in the lamination department.  Plaintiff installed decking for the aircraft carriers.  Plaintiff mixed powder with water to make a glue that he then put into the machines.

Plaintiff installed insulation on ships.  Plaintiff cut the insulation with a knife or saw.  Plaintiff worked with pre-mixed cement and applied the insulation.  Plaintiff later shot studs into the bulkhead to affix the insulation.  Plaintiff worked throughout the ship.  Plaintiff spent much of his time in the engine rooms and firerooms, where there was a lot of asbestos insulation.  Plaintiff recalls that as he walked throughout the ship, he was exposed to clouds of dust from insulation being placed on pipes.

Plaintiff also did some hull damping.  Plaintiff installed rubber sheets to the hull with glue.  Plaintiff placed INSULITE on the hulls.  Plaintiff cut the product with a knife.

Plaintiff recalls working in close proximity to the following trades: welders who were using asbestos cloth and asbestos blankets; insulators who were installing asbestos-containing insulation; sheet metal workers who shot studs into metal and disturbed existing fireproofing; electricians who laid conduit and disturbed existing fireproofing; boilermakers who replaced refractory material; and laborers who were sweeping debris.

Plaintiff recalls that all employees were employed by Puget Sound Naval Shipyard.

Plaintiff recalls the following supervisors: Jack Turner, deceased; Robert Dickson, deceased; Martin Landon, deceased; William Freiling, deceased; Robert Roman, deceased; Richard Carlson, deceased; Charles Peterson, deceased; Ralph Whitney; deceased; George Oakland, deceased; Russ Parkins, deceased.  Plaintiff recalls the following coworker: Jack Morgan, deceased.

| <u>Employer</u> | Location of <u>Exposure</u> | <u>Job Title</u> | Exposure <u>Dates</u> |
|---|---|---|---|
| United States Marine Corps | Camp Pendleton, Oceanside, CA (1 year, 3 months) | Private First Class | June 1944-June 1946 |
| | Tsing-Tao, China (9 or 10 | | |

months)

Job Duties: Plaintiff engaged in training exercises and advanced infantry training. Plaintiff built huts. Plaintiff performed general labor work.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Aladdin Hotel Las Vegas, NV | Aladdin Hotel Las Vegas, NV | Truck Driver | 1973-1983 |

Job Duties: Plaintiff drove a truck and delivered supplies. Plaintiff assisted during the renovation of the hotel. Plaintiff took discarded remodel materials, including drywall debris, to the dump. Plaintiff currently contends he was exposed to asbestos

Plaintiff: **WAYNE DUFAULT**

Plaintiff's injuries:   Plaintiff was diagnosed with Asbestosis on or about 06/20/2006.

Defendants: Plaintiff contends that the asbestos-containing products to which he was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by Defendants.   Plaintiff's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below. The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| David Clark Worcester, MA | David Clark Worcester, MA | Molder | 1967-1969 |

Job Duties: Plaintiff manufactured rubber moldings for astronaut suits.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Air Force | US Air Force Lackland Air Force Base San Antonio, TX | Trainee | 3/1969-5/1969 |
| | US Air Force Chanute Air Force Base | Aircraft Mechanic | 5/1969-9/1969 |

Rantoul, IL

| | |
|---|---|
| US Air Force<br>Westover Air Force Base<br>Chicopee, MA | 10/1969-10/1971 |
| US Air Force<br>Utapao Air Force Base<br>Thailand | 10/1971-10/1972 |
| US Air Force<br>Travis Air Force Base<br>Fairfield, CA | 12/1972-7/1975 |

Job Duties: Plaintiff recalls inspecting aircraft for damage. Plaintiff fueled and de-fueled aircraft. Plaintiff removed and replaced all worn parts on aircraft. Plaintiff recalls assisting mechanics with brake and tire repairs. Plaintiff inspected and repaired engines. Plaintiff recalls that the engine cowlings, which contained asbestos, were often damaged. Plaintiff recalls that there were firewalls on the engine cowlings. Plaintiff recalls that gaskets fell off when the engine cowlings were opened. Plaintiff recalls performing repairs on the following aircraft: BOEING B-52 (PRATT & WHITNEY engines), LOCKHEED C-141 (PRATT & WHITNEY engines) and C-5 (GENERAL ELECTRIC engines and ROLLS ROYCE engines), BOEING KC-135 (PRATT & WHITNEY engines). Plaintiff recalls working in close proximity to mechanics who were performing brake repairs.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|
| US Department of Defense | Mare Island Naval<br>Shipyard, Vallejo, CA | Marine<br>Machinist | 1975-1980; 1984-1995 |
| | BARB (SSN-596) | | |
| | BARBEL (SS-580) | | |
| | CALIFORNIA (CGN-36) | | |
| | CARL VINSON (CVN-70) | | |
| | DOLPHIN (AGSS-555) | | |
| | ENTERPRISE (CVAN-65) | | |
| | FLASHER (SSN-613) | | |

<u>GUARDFISH</u> (SSN-612)

<u>GUITARRO</u> (SSN-665)

<u>HOUSTON</u> (SSN-713)

<u>NAUTILUS</u> (SSN-571)

<u>PERMIT</u> (SSN-594)

<u>PINTADO</u> (SS-672)

<u>SEAWOLF</u> (SSN-575)

<u>SWORDFISH</u> (SSN-579)

<u>WASHINGTON</u> (BB-56)

Mare Island Naval                                    1994-1995
Shipyard, Vallejo, CA,
Shop #29

Job Duties: Plaintiff recalls working aboard older ships and subs while they were being refurbished. Plaintiff recalls tearing out equipment as other trades installed new equipment including electrical boxes and pumps. Plaintiff recalls removing and replacing piping, pumps and panels. Plaintiff recalls having to scrape off and replace pump gaskets. Plaintiff recalls packing valves, pumps and gaskets. Plaintiff recalls using GARLOCK gaskets. Plaintiff recalls manufacturing new parts on lathes and mills. Plaintiff worked in close proximity to pipefitters, welders, electricians, boilermakers. Plaintiff recalls the following supervisors: Marcel Brocher, address unknown; William Scheiler, address unknown; Calvin Wilborn, c/o Brayton❖Purcell. Plaintiff recalls the following co-workers: John Menard, c/o Brayton❖Purcell; Ben Abcoili, Hercules, California; David Beard, Vallejo, California; Paul Koeller, Sonoma, California; John Chipchase, Sonoma, California; John Colliflower, Vacaville, California.

| <u>Employer</u> | Location of<br><u>Exposure</u> | <u>Job Title</u> | Exposure<br><u>Dates</u> |
|---|---|---|---|
| Wyman Gordan Co.<br>Worcester, MA | Wyman Gordan Co.<br>unknown machine shop<br>Worcester, MA | Machinist | 1980-1983 |

Job Duties: Plaintiff machined parts from raw materials on vertical turret lathes. Plaintiff recalls the following supervisor: Frank Piscatelli, address unknown.

Plaintiff:  **JESSE BEVERLY, JR.**

Plaintiff's injuries:  Plaintiff was diagnosed with asbestos-related pleural disease on or about 06/29/2006, and Asbestosis on or about 06/29/2006.  Defendants:  Plaintiff contends that the asbestos-containing products to which he was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by Defendants.  Plaintiff's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below.  The exposure includes, <u>but is not limited,</u> to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| <u>Employer</u> | Location of <u>Exposure</u> | <u>Job Title</u> | Exposure <u>Dates</u> |
|---|---|---|---|
| US Navy | Naval Training Center San Diego, CA | Trainee | 1/12/1955-4/1955 |

Job Duties: Plaintiff completed six weeks of basic training at Naval Training Center in San Diego, California.

| <u>Employer</u> | Location of <u>Exposure</u> | <u>Job Title</u> | Exposure <u>Dates</u> |
|---|---|---|---|
| US Navy | Naval Air Station North Island San Diego, CA | Aircraft Mechanic | 5/1955-1/1956 |
| | <u>USS POINT CRUZ</u> (CVE-119) | | 8/1955-1/1956 |

Job Duties: For the first 90 days, plaintiff performed kitchen patrol duties that included cleaning. Afterwards, plaintiff repaired various parts of GRUMMAN S2F Tracker aircraft (WRIGHT engines) as an aircraft mechanic.  Plaintiff also repaired and overhauled 1825 propeller engines. Plaintiff replaced brakes and clutches.  Plaintiff removed ARMSTRONG gaskets and engine cowlings.  Plaintiff performed the same mechanical work on GRUMMAN S2F Tracker aircraft (WRIGHT engines) on board <u>POINT CRUZ</u>.  Plaintiff recalls asbestos insulated pipes throughout <u>POINT CRUZ</u> including his sleeping quarters. Plaintiff would pass through boiler rooms.

| | Location of | | Exposure |
|---|---|---|---|

EXHIBIT "A"

| Employer | Exposure | Job Title | Dates |
|----------|----------|-----------|-------|
| US Navy | Naval Air Station Miramar, CA | Aircraft Mechanic | 1/1956-8/1957 |
| | USS HORNET (CVA-12) | | 1/1957-8/1957 |

Job Duties: Plaintiff performed the same duties of an aircraft mechanic as described above for Naval Air Station, North Island, San Diego, California, and on POINT CRUZ. Plaintiff performed mechanical work on NORTH AMERICAN FJ Fury and FJ-B Fury aircraft (WRIGHT engines). Plaintiff removed engine cowlings, replaced gaskets, and replaced brakes. Plaintiff recalls asbestos insulated pipes throughout the HORNET. Plaintiff would pass through the boiler rooms. One time, plaintiff was required to clean up the OWENS-ILLINOIS insulation in the boiler room. Plaintiff recalls seeing the OWENS-ILLINOIS name on the insulated pipes.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| US Navy | Naval Air Station El Centro, CA | Aircraft Mechanic | 9/1957-1/1959 |

Job Duties: Plaintiff performed the same duties of an aircraft mechanic as described above for Naval Air Station, North Island, San Diego, California, and on POINT CRUZ. Plaintiff worked on the following aircraft: VOUGHT LTV F-8 Crusader (PRATT & WHITNEY engines), NORTH AMERICAN FJ Fury (WRIGHT engines), MCDONNELL F3H Demon (ALLISON engines), MCDONNELL F3-8 Phantom (ALLISON engines), GRUMMAN F9F (PRATT & WHITNEY engines), VOUGHT F-7U Cutlass (WESTINGHOUSE engines) , DOUGLAS A4D Skyhawk (WRIGHT J654B engines), DOUGLAS A-3 Skywarrior (PRATT & WHITNEY engines), NORTH AMERICAN AJ Savage (PRATT & WHITNEY J33 engines), and BEECH SNB Navigator (PRATT & WHITNEY engines). Plaintiff worked on engine cowlings, replaced gaskets, and replaced brakes. Plaintiff recalls co-worker Leon Coats, address currently unknown.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| US Navy | USS RANDOLPH (CV-15) | Aircraft Mechanic | 2/1959-12/1960 |

Job Duties: Plaintiff scraped and painted the deck. Plaintiff pushed aircraft on the top and bottom decks. Plaintiff pushed aircraft to storage and mechanic areas where other mechanics performed mechanical work near him. Plaintiff recalls the other mechanics replacing clutches, gaskets, brakes, and repairing engines on GRUMMAN S2F Tracker aircraft (WRIGHT engines). Plaintiff recalls others working on the engines of SIKORSKY helicopters. Plaintiff was in close

proximity to welders welding with welding rods on the pipes to repair leaks. Plaintiff slept on the top bunk and recalls asbestos insulated steam pipelines above his head. Plaintiff would pass through boiler rooms.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Air Station Oceana Virginia Beach, VA | Aircraft Mechanic | 12/1960-2/1963 |

Job Duties: Plaintiff performed the same duties of an aircraft mechanic as described above for Naval Air Station, North Island, San Diego, California, and on board POINT CRUZ. Plaintiff worked on DOUGLAS A-3 Skywarrior (PRATT & WHITNEY engines). Plaintiff worked on engine cowlings, replaced gaskets, and replaced brakes.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | USS PINE ISLAND (AV-12) | Coxswain | 3/1963-2/1966 |

Job Duties: Plaintiff drove small boats. Plaintiff laid runway and set warning signals in the bay for MARTIN P5M Marlin (WRIGHT engines). Plaintiff recalls there were asbestos insulated pipes throughout the ship, including in the sleeping quarters. Plaintiff recalls others using ATLAS TURNER pipecovering on the pipes. Plaintiff passed through boiler rooms.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Air Station Miramar, CA | Aircraft Mechanic (E-4) | 6/1966-9/1966 |

Job Duties: Plaintiff was part of V126. Plaintiff serviced and readied DOUGLAS A-4 Skyhawk aircraft (WRIGHT engines) for flights. Plaintiff also took off the tails and cleaned the inside area. Plaintiff disturbed UNIBESTOS insulation on the pipes and soundproof areas that were fire retardant. Plaintiff recalls co-worker Brodis (first name unknown), address currently unknown.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| US Navy | Naval Air Station Miramar, CA | Aircraft Mechanic | 9/1966-8/1969 |

Job Duties: Plaintiff was part of V124. Plaintiff serviced and readied VOUGHT LTV F-8 Crusader aircraft (PRATT & WHITNEY engines) for flights. Plaintiff took off the tails and cleaned the inside area. Plaintiff disturbed UNIBESTOS insulation on the pipes and soundproof areas that were fire retardant. Plaintiff took apart jet engines to be overhauled. Plaintiff replaced gaskets and brakes. Plaintiff used UNIBESTOS insulation and ARMSTRONG insulation on the pipes and wires for fire retardant purposes. Plaintiff repaired firewalls by performing patch up work. Plaintiff worked on engine cowlings. Plaintiff recalls co-worker Brodis (first name unknown), address currently unknown.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Air Technical Training Center, Jet Engine Mechanic School, Memphis, TN | Aircraft Mechanic (Student) | 9/1969-11/1969 |

Job Duties: Plaintiff attended more training.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Air Station Miramar, CA | Aircraft Mechanic (supervisor) | 11/1969-6/1974 |
| | USS HANCOCK (CVA-19) | | |

Job Duties: Plaintiff performed the same duties as described above for Naval Air Station, Miramar, California, from September 1966 to August 1969. Plaintiff performed mechanical work on MCDONNELL-DOUGLAS F-4 Phantom II (GENERAL ELECTRIC engines). Plaintiff recalls BOEING supplied the gaskets he replaced with. When on board the HANCOCK, plaintiff performed the same mechanical duties on VOUGHT LTV F-8 Crusader aircrafts (PRATT & WHITNEY engines).

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| National Steel & | National Steel & | Welder | 8/1974-8/1981 |

Shipbuilding Company          Shipbuilding,
                              San Diego, CA

Job Duties: Plaintiff pre-fabricated compartment walls in the shop and then went on board
during new construction of ships to install them. Plaintiff welded steel and galvanized pipes.
Plaintiff used LINCOLN welding machine and LINCOLN 6011 welding rods. Plaintiff worked
alongside other welders.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Department of Defense | Naval Air Station North Island San Diego, CA | Aircraft Mechanic | 8/1981-present |

Job Duties: Plaintiff repaired, overhauled, and modified GENERAL ELECTRIC turbine rotor
LM 2500 engines. Plaintiff replaced gaskets and clamps. Plaintiff periodically wore 3M paper
masks. Plaintiff worked on aircraft engines of various vintages. Plaintiff recalls some were
Vietnam War era and some were more recent. Plaintiff recalls the following former supervisors:
Donald Flowers, c/o Brayton❖Purcell LLP; Gene Ayre, Lemon Grove, California; and Dave
O'Grommon, address currently unknown. Plaintiff recalls the following co-workers: Steve
Roberts, San Diego, California; and Buck Gonzalez, San Diego, California.

Throughout plaintiff's career, he worked with CUTLER-HAMMER electrical wires with a
minimum of 420 volts, and removed and installed whole control panels. Plaintiff recalls
GOODYEAR brake pads being used in the late 1960's to early 1970's. Plaintiff used the
following products manufactured/supplied by BF GOODRICH: brakes and gaskets.