GEORGE D. YARON, ESQ. (State Bar #96246)
KEITH E. PATTERSON, ESQ. (State Bar #225753)
JOSHUA D. WHITE, ESQ. (State Bar #246164)
**YARON & ASSOCIATES**
601 California Street, 21st Floor
San Francisco, California 94108-2281
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Defendant
TODD SHIPYARDS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GUTHRIE, TONY DAVIDSON, RONALD ZERANGUE, SAMUEL RESTER, JOHN GRAY, ELMER PAROLINI, WAYNE DUFAULT, JESSE BEVERLY, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, TODD SHIPYARDS CORPORATION, LOCKHEED MARTIN CORPORATION, RAYTHEON AIRCRAFT COMPANY, MCDONELL DOUGLAS CORPORATION, and DOES 1-300,<br><br>Defendants. | CASE NO. C 07-02542 JL<br><br>**ANSWER OF DEFENDANT TODD SHIPYARDS CORPORATION TO PLAINTIFFS' COMPLAINT FOR DAMAGES** |

COMES NOW Defendant Todd Shipyards Corporation ("TODD"), and for an Answer to Plaintiffs JAMES GUTHRIE; TONY DAVIDSON; RONALD ZERANGUE; SAMUEL RESTER; JOHN GRAY; ELMER PAROLINI; WAYNE DUFAULT; and JESSE BEVERLY, JR. (collectively, "Plaintiffs") Complaint for Negligence (Personal Injury), and Products Liability, admits, denies and alleges as follows:

///

///

## THE PARTIES

1. Answering Paragraph 1 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

2. Answering Paragraph 2 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

3. Answering Paragraph 3 of the Complaint, TODD denies generally and specifically, that Plaintiffs' claims arise out of a similar series of occurrences. TODD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

4. Answering Paragraph 4 of the Complaint, TODD denies generally and specifically, that Plaintiffs' claims arise out of an identical series of occurrences. TODD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

5. Answering Paragraph 5 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

6. Answering Paragraph 6 of the Complaint, TODD admits that it is a corporation existing under the laws of other states, and that it is authorized to conduct business in the State of California and the County of San Francisco, but denies it is presently conducting business in the State of California.

///
///
///
///

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

7.  Answering Paragraph 7 of the Complaint, TODD admits that this Court has jurisdiction over the subject matter of Plaintiff's Complaint under 25 U.S.C. Section 1332 because, based on the allegations in the pleadings, there is complete diversity and an actual or substantial controversy exists between citizens of different states.

8.  Answering Paragraph 8 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION – NEGLIGENCE**

9.  Answering Paragraph 9 of the Complaint, TODD denies generally and specifically, that TODD SHIPYARDS CORPORATION, TODD PACIFIC SHIPYARDS CORPORATION, or SEATTLE-TACOMA SHIPBUILDING CORP. researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, tested, authorized, approved, certified, facilitated, promoted, represented, endorsed servicing, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged, specified, required, mandated, or otherwise directed and/or facilitated the use of, or advertised a certain product, namely asbestos, and/or other products containing asbestos. TODD admits that TODD PACIFIC SHIPYARDS CORPORATION and SEATTLE-TACOMA SHIPBUILDING CORP. are wholly owned subsidiaries of TODD SHIPYARDS CORPORATION. TODD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

10. Answering Paragraph 10 of the Complaint, TODD denies generally and specifically, that TODD SHIPYARDS CORPORATION, TODD PACIFIC SHIPYARDS CORPORATION, or SEATTLE-TACOMA SHIPBUILDING CORP. researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, tested, authorized, approved, certified, facilitated, promoted,

represented, endorsed servicing, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged, specified, required, mandated, or otherwise directed and/or facilitated the use of, or advertised a certain product, namely asbestos, and/or other products containing asbestos. TODD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

11. Answering Paragraph 11 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

12. Answering Paragraph 12 of the Complaint, TODD denies generally and specifically, that it owed a duty to Plaintiffs and that it breached said duty of care.

13. Answering Paragraph 13 of the Complaint, TODD denies generally and specifically, that it breached any alleged duty owed to Plaintiffs and that it breached said duty of care.

14. Answering Paragraph 14 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

15. Answering Paragraph 15 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

16. Answering Paragraph 16 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

17. Answering Paragraph 17 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

18. Answering Paragraph 18 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

///

19.  Answering Paragraph 19 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

20.  Answering Paragraph 20 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

21.  Answering Paragraph 21 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

22.  Answering Paragraph 22 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

23.  Answering Paragraph 23 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

## SECOND CAUSE OF ACTION - PRODUCTS LIABILITY

24.  Answering Paragraph 24 of the Complaint, TODD incorporates and realleges its responses to paragraphs 1 through 23 as though fully set forth herein.

25.  Answering Paragraph 25 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

26.  Answering Paragraph 26 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

27.  Answering Paragraph 27 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

28.  Answering Paragraph 28 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

///

///

29. Answering Paragraph 29 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

30. Answering Paragraph 30 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

31. Answering Paragraph 31 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

32. Answering Paragraph 32 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

33. Answering Paragraph 33 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

34. Answering Paragraph 34 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

35. Answering Paragraph 35 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the Complaint fails to state facts sufficient to constitute a cause of action against TODD.

///

///

**SECOND AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs have failed to join all persons and parties needed for a just adjudication of this action. Furthermore, Plaintiffs are improperly joined as Plaintiffs because JAMES GUTHRIE; TONY DAVIDSON; RONALD ZERANGUE; SAMUEL RESTER; JOHN GRAY; ELMER PAROLINI; and WAYNE DUFAULT, have stated no cause of action against TODD, and none of Plaintiffs' claims arise out of a similar set of circumstances or the same transaction or occurrence.

**THIRD AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs' claims are barred by laches, waiver and/or estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the entirety of Plaintiffs' claims against TODD are negated by the "government contractor" defense, including any performance contracts. (*Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); *Boyle v. United Technologies*, 487 U.S. 500 (1988); *Emory v. McDonnell Douglas Corp.*, 148 F.3d 347 (4th Cir. 1998).)

**FIFTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs failed to commence this action within the time required by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 337.1, 337.15, 338(a), 338(d), 340.2, 343, 583.110, 583.210, 583.310, 583.410, and Commercial Code §2725.

**SIXTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs' damages, if any, were proximately caused, in whole or in part, by Plaintiffs' own fault and negligence in failing to exercise reasonable care for his own safety. Plaintiffs' recovery from TODD, if any, should therefore be reduced proportionate to Plaintiffs'

comparative fault.

### SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs have failed to mitigate the alleged damages, if any there were.

### EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that if Plaintiffs were injured by products used or installed by TODD, which is denied, such injury occurred after the expiration of the useful safe life of such products.

### NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that if Plaintiffs suffered any damages, which is denied, such damages were the sole and proximate result of an unavoidable accident.

### TENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that if Plaintiffs suffered any damages, which is denied, such damages were caused by and/or contributed to Plaintiffs' misuse of the product(s) which they used, and therefore Plaintiffs' recovery should be barred or reduced accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that if Plaintiffs suffered any damages, which is denied, such damages were solely and proximately caused by and/or contributed to the negligence of third persons or entities over whom or which TODD had no control or supervision.

### TWELFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that if Plaintiffs suffered any damages, which is denied, such damages were solely and proximately caused by material modifications or alterations of the product(s) involved in this action after it or they left the custody and control of Defendant TODD.

///

**THIRTEENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that any asbestos-containing product(s) alleged to have caused Plaintiffs' injuries, were manufactured, used, installed and/or distributed in mandatory compliance with specifications promulgated by the United States government under its war powers, as set forth in the U. S. Constitution, and that any recovery by Plaintiffs is barred as a consequence of the exercise of those sovereign powers.

**FOURTEENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that any product(s) alleged to have caused Plaintiffs' injuries, were manufactured, installed, used or distributed in compliance with specifications provided by third parties to TODD and/or in compliance with all applicable health and safety statutes and regulations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that if Plaintiffs suffered any damages, which is denied, the risk of any such damages was not foreseeable to TODD. At all times material hereto, TODD acted in accordance with the state of scientific knowledge available to installers and/or users of asbestos-containing products.

**SIXTEENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that it received no notice of any dangerous, hazardous or defective condition or any breach of warranty, either expressed or implied.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs' claim against TODD are barred by the holdings of *Kinsman v. Unocal Corp.*, (2005) 37 Cal.4th 659; *Bockrath v. Aldrich Chemical Co.* (1999) 21 Cal.4th 71, *Privette v. Superior Court* (1993) 5 Cal.4th 689, *Toland v. Sunland Housing Group, Inc.* (1998) 18 Cal.4th 253 and *Camargo v. Tjaarda Dairy* (2001) 25 Cal.4th 1235.

///

**EIGHTEENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs' exposure to any asbestos-containing product(s) allegedly used or installed by TODD was minimal and insufficient to establish the probability that said product(s) were a legal cause of Plaintiffs' alleged injuries.

**NINETEENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that this action is barred by the applicable state and/or federal industrial insurance and/or Workers' Compensation laws, including, but not limited to, California Labor Code section 3601 and 3602, and 33 U.S.C. section 905.

**TWENTIETH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that at the time of the injuries alleged in the Complaint, Plaintiffs were employed by persons other than TODD; were entitled to receive and did receive Workers' Compensation benefits from said employer(s) or their insurers; and that said employer(s) were negligent and careless in and about the matters referred to in Plaintiffs' Complaint. Therefore, TODD is entitled to set-off any such benefits received by Plaintiffs against any judgment rendered in Plaintiffs favor herein, and said employer(s) are barred from any recovery by lien or otherwise against TODD in connection with this matter.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs voluntarily and knowingly assumed the alleged risks and hazards incident to the alleged operations, acts and conduct at the times and places alleged in the Complaint. Further, said acts proximately caused and contributed to Plaintiffs' alleged damages, if any there were.

///
///
///

### TWENTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that at all times relevant to the matters alleged in Plaintiffs' Complaint, Plaintiffs' employer(s), including the United States Navy, were sophisticated users of asbestos-containing products, and said employer(s)' negligence in providing said product(s) to its employees was a superseding and/or intervening cause of Plaintiffs' injuries, if any there were.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that there was no concert of action among TODD and other Defendants to this action and that any alleged liability or responsibility of TODD, which is denied, is minimal in proportion to the alleged liability and responsibility of other persons and entities including the other Defendants herein. Plaintiffs should therefore be limited to seeking recovery from TODD for the proportion of alleged injuries and damages for which TODD is allegedly liable or responsible, all such alleged liability and responsibility being denied.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, to the extent the Complaint alleges that TODD has "market-share liability" or "enterprise liability," the Complaint fails to state facts sufficient to constitute a cause of action against TODD.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that it is entitled to set-off from all settlements, judgments, or similar amounts received by Plaintiffs, against any judgment rendered against it in Plaintiffs favor herein.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges, in accordance with section 1431.2 of the Civil Code, known as the Fair Responsibility Act of 1986, that if Plaintiffs' Complaint states a cause of action, each Defendant is liable, if at all, only for those non-economic damages allocated to each in direct proportion to each Defendant's percentage of fault, if any. TODD requests a judicial determination of the amount of non-economic

damages, if any. TODD also requests a judicial determination of the amount of non-economic damages, if any, allocated to TODD in direct proportion to TODD's percentage of fault, if any, and a separate judgment in conformance therewith.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the damages and injuries, if any, were proximately caused or contributed to, in whole or in part, by the negligence or fault or other acts and/or omissions of persons or entities other than TODD, for which TODD is not responsible.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that neither the Complaint nor any purported causes of action alleged therein state facts sufficient to entitle Plaintiffs to an award of punitive damages against TODD.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs are not entitled to recover punitive or exemplary damages from TODD and that such damages are violative of the Constitutions of the United States of America and of the Constitution of the State of California.

### THIRTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs' instant action is barred or, alternatively, merged into a prior cause of action for which Plaintiffs have previously sued upon, recovered, and dismissed with prejudice, thereby requiring a complete extinguishment of the instant action due to the doctrines of Res Judicata and Collateral Estoppel.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs' instant action is barred and discharged, pursuant to Title 11 U.S.C. section 1141(d), and that Plaintiffs' action violates the pending injunction against such claims that exists, by operation of law, pursuant to Title 11 U.S.C. section 524(a)(2).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION to Plaintiffs' Complaint, TODD alleges that its materials and/or products were manufactured, produced, supplied, installed, sold, and distributed pursuant to a contract with the United States government, and that any recovery by Plaintiffs on the Complaint filed herein is barred by consequence of the judicially recognized doctrine of immunity conferred upon that contractual relationship, and any occurrences arising therefrom.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION to Plaintiffs' Complaint, TODD alleges that the state-imposed duty upon TODD significantly conflicts with an identifiable federal interest or policy and, therefore, is displaced under the holding of *Boyle v. United Technologies*, 487 U.S. 500 (1988).

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs did not reasonably rely on any representation, disclaimer, warranty or other act or omission of TODD.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that this Court does not have subject matter jurisdiction over this action or alternatively that the Court lacks jurisdiction due to insufficiency of process or the service thereof and/or improper venue.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs named TODD in this litigation without reasonable product identification and without reasonable investigation. Accordingly, pursuant to California Code of Civil Procedure Section 128.5, TODD requests reasonable expenses, including attorney's fees incurred by TODD, as a result of the maintenance of this bad-faith litigation.

///

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims herein, and, accordingly, said claims are barred by operation of law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD is presently without sufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, affirmative defenses. Accordingly, TODD reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**WHEREFORE**, TODD prays for judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint herein;
2. That judgment be entered in favor of TODD;
3. For costs of suit incurred herein;
4. For appropriate credits and set-offs arising out of any payment of Workers' Compensation benefits as alleged above;
5. For a judicial determination of the amount of non-economic damages, if any, allocated to TODD in direct proportion to TODD's percentage of fault, if any, and a separate judgment in conformance therewith; and
6. For such other and further relief as the Court may deem just and proper.

DATED: July 16, 2007

YARON & ASSOCIATES

By _____
GEORGE D. YARON
KEITH E. PATTERSON
JOSHUA D. WHITE
Attorneys for Defendant
TODD SHIPYARDS CORPORATION

ANSWER OF DEFENDANT TODD SHIPYARDS CORPORATION          G:\3029\Pleadings\Answer.wpd

**PROOF OF SERVICE**

I am over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is Yaron & Associates, 601 California Street, 21st Floor, San Francisco, California 94108-2826.

On **July 16, 2007**, I served the within:

**ANSWER OF DEFENDANT TODD SHIPYARDS CORPORATION TO PLAINTIFFS' COMPLAINT FOR DAMAGES**

TO ALL PARTIES ON THE ECF SERVICE LIST

✖   **VIA ELECTRONIC SERVICE:**   I served a true copy, with all exhibits, electronically on designated recipients through PACER. Upon completion of electronic transmission of said document(s), a receipt is issued to serving party acknowledging receipt by PACER's system. Once PACER has served all designated recipients, proof of electronic service is returned to the filing party which will be maintained with the original document(s) in our office. This service complies with CCP §101.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **July 16, 2007**, at San Francisco, California.

_____
IRIS NISHIMOTO